# Engelhardt *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Assault.*—Where the evidence shows an attempt on the part of the defendant to do a corporal hurt to the prosecutor, by raising a stick within striking distance, which was wrenched from his hand, and by drawing, aiming and firing a loaded pistol in the direction of his person, the court may instruct the jury that, if they believe the evidence, he was guilty of an assault, or an assault and battery.

2. *Assault and battery.*—If the defendant sought a difficulty with the prosecutor, and attempted to strike him with a stick, which was wrenched from his hand, and then drew his pistol, which was discharged in the struggle between them; these facts are sufficient to support a conviction for an assault and battery, although the prosecutor got the better of the defendant in the struggle, and used more force than was necessary to repel the attack.

3. *Conviction in municipal court, as bar to prosecution; retroactive statutes.*—Under the charter of the city of Montgomery, approved February 28th, 1889 (Sess. Acts 1888-89, pp. 313-26), a conviction in the municipal court. of an offense which is also a misdemeanor under the general statute, is a bar to a prosecution by the State for the misdemeanor; but this provision does not retroact upon offenses committed and prosecuted in the municipal court prior to its passage.

4. *Drunkenness as excuse for crime.*—In criminal prosecutions, where the question of malice or intent is involved, the fact of excessive drunkenness is admissible to reduce the grade of the offense; but voluntary drunkenness can never excuse or justify an assault and battery, though it be so excessive that the person is unconscious of what he is doing.

[Engelhardt v. The State.]

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, John Engelhardt, was indicted for an assault on W. F. Vandiver, with the intent to murder him; was convicted of an assault and battery, and fined $300. The assault was committed about dark on the evening of September 11th, 1888, on the sidewalk in front of the defendant's store in the city of Montgomery, where Vandiver was standing with J. Faunce. Vandiver testified, that the defendant passed him a few moments before, and came back, and said to him,· "You have not treated me right;" that he attempted to pass into his store, but was intercepted by the defendant, who "jumped back and drew his pistol;"· that after deliberation, "thinking there was no fight in him, witness commenced advancing on him, having in his hand an open pen-knife, with which he was cleaning his finger-nails; that defendant fired at him, pointing the pistol towards him, but witness clinched him, and got control of the pistol;" that the pistol was again discharged during the struggle between them, but he succeeded in getting the defendant down, and held him down with the aid of Faunce. Faunce testified, on the part of the prosecution, that the defendant, when he approached Vandiver, had a small cane in his hand, which he raised when in striking distance, but Vandiver wrenched it from his hand; that the defendant then drew his pistol, which was self-cocking, and Vandiver caught his right hand, and turned the pistol aside as it was discharged, the ball striking the ground; and that the weapon was again discharged during the struggle between them, or as the defendant was falling. The defendant, testifying in his own behalf, stated that he had been drinking heavily all day, was so drunk that he did not know what he was doing, and had no recollection of the difficulty; and he introduced several witnesses who testified to his intoxicated condition and misbehavior at different hours during the day—that he was "crazy drunk," as they expressed it. The defendant was arrested by a policeman, and was fined $50 by the Recorder for an assault and battery on Vandiver, and he pleaded this in bar of the prosecution; but the court sustained a demurrer to the plea.

The court charged the jury that, "if they believed the evidence, the defendant was guilty of an assault, or an assault and battery." The defendant excepted to this charge, and requested the following charges in writing, duly excepting

to their refusal: (1.) "If the jury believe from the evidence that the defendant was crazy drunk at the time of the difficulty with Vandiver, then they must acquit him of an assault with intent to murder." (2.) "If the jury believe from the evidence that the defendant was drunk at the time of the difficulty with Vandiver, they may look to this as showing him to have been more easily excitable than a sober man would have been under like circumstances." (3.) "The jury may use their own knowledge as practical, sensible men, and their own experience of men and things, in considering whether Engelhardt was drunk at the time of the difficulty with Vandiver; and if, from such knowledge and experience, in connection with all the evidence in the case, they believe that he was too drunk to intend, willfully, deliberately, and premeditatedly to maliciously kill said Vandiver, then it is their duty to acquit him."

A. A. WILEY, for appellant.—The charge given by the court on the whole evidence, which was equivalent to a demurrer to the evidence, was erroneous.—*Schmidt v. Joseph*, 65 Ala. 476; *Hickman v. Jones*, 9 Wall. 201. The court erred, also, in its rulings as to the defense of drunkenness. *State v. Mooney*, 33 Ala. 420; *Ogletree v. State*, 28 Ala. 693; *Williams v. State*, 77 Ala. 53; *Smith v. The State*, 83 Ala. 26.

TENNENT LOMAX, for the Attorney-General, cited Clark's Manual, § 625; *Bibb v. State*, 83 Ala. 85; *Jordan v. State*, 81 Ala. 20; *Mitchell v. State*, 60 Ala. 26; *Ford v. State*, 71 Ala. 385; *Carter v. State*, 87 Ala. 113; Wade on Retroactive Laws, § 34; Sedgw. St. & Const. Law, 160, 173; 53 Ala. 42.

SOMERVILLE, J.—1. The court, in our opinion, committed no error in charging the jury that, if they believed the evidence, the defendant was guilty of an assault, or assault and battery. There was undoubtedly an attempt, or offer, on the defendant's part, with force and violence, to do a corporal hurt to the prosecutor—an attempt manifested both by aiming and firing a loaded pistol in the direction of his person, and by raising a stick, within striking distance, as if to strike him, which was prevented by his wrenching the stick from the defendant's hand. This was clearly an assault, constituting, as it did, one or more acts, either of which, if

[Engelhardt v. The State.]

consummated, would have resulted in a battery.—*Chapman v. State*, 78 Ala. 463; 56 Amer. Rep. 42.

2. The evidence, moreover, shows a battery, which is, "the unlawful application of violence to the person of another."—May's Crim. Law, § 55; *Com. v. McKie*, 61 Amer. Dec. 410. "A battery is not necessarily a forcible striking with the hand, or stick, or the like, but includes every touching or laying hold (however trifling) of another's person, or his clothes, in an angry, revengeful, rude, insolent, or hostile manner."—1 Amer. & Eng. Encyc. Law, 783. There is no conflict in that part of the evidence showing the circumstances attending the difficulty. To prevent being shot by the pistol, the prosecutor, Vandiver, seized the defendant's right hand, which contained the weapon, forcing its discharge in the air. The use of the stick was interrupted in like manner by its seizure. The combatants "clinched" and "struggled together," the defendant either falling in the struggle, or being pushed backward to the ground, and firing his pistol a second time in the air. The prosecutor and a bystander thereupon got on the defendant, and held him down. He may or may not have used more force than was necessary to resist the assault by the defendant. This is entirely immaterial; for, had both of the combatants fought willingly together, and neither in self-defense, each would have been guilty of an assault and battery on the other. *Com. v. Collberg*, 119 Mass. 350; 20 Amer. Rep. 328; *Adams v. Wagoner*, 33 Ind. 531; 5 Amer. Rep. 230. The language describing the contest necessarily implies a contention, or striving together for the mastery, one of the other—a laying hold of each other's persons in a rude and hostile manner. This was a battery. It may have been justifiable on the part of the person assailed, and no doubt was. But there is no sort of pretext that the act was justifiable on the part of the defendant.

There was no error in the charge on this subject, to which exception was taken.

3. The demurrer to the defendant's plea of former conviction was properly sustained. This plea set up the fact of a former conviction before the Recorder's court of the city of Montgomery, for the same offense of assault and battery. It is based on a provision in the amended charter of the city, approved February 28, 1889 (Acts 1888-9, pp. 513, 526), which declares that: "In all cases where a person is convicted or acquitted before the Recorder, . . . . of

an offense which is a misdemeanor under the laws of the State, such conviction or aquittal shall be a bar to a prosecution of such person for such offense before any State court."

The offense in question was committed in September of the year 1888, and the conviction before the Recorder's court occurred in the same month and year. This was more than five months before the charter of the city was amended, so as to embrace the above quoted provision, on which the plea is based. That provision manifestly had no retrospective force, but was only prospective in its operation. The settled rule is, that statutes should generally be construed to operate in the future only, unless the legislative intent appears clear from their terms that they are to have a retrospective operation.—*Warten v. Matthews*, 80 Ala. 429; Cooley's Const. Lim. (5th Ed.), * 370.

4. The voluntary drunkenness of the defendant, although he may have been so intoxicated at the time as to be unconcious of what he was doing, was no excuse for the crime of assault and battery of which he was convicted. The language of Baron Parke, in *R. v. Thomas*, 7 C. & P. 817 (1837), on this subject, has been commonly approved; where he observed, that "if a man makes himself voluntarily drunk, it is no excuse for any crime that he may commit whilst he is so; for he takes the consequences of his own voluntary act, or most crimes would go unpunished." There can be no doubt on this point, as said by Mr. Wharton, "either on principle, policy, or authority."—1 Whart. Cr. Law, § 49. The most that can be claimed in such cases, as we have repeatedly held, is that the fact of excessive drunkenness is sometimes admissible to reduce the grade of the crime, where the question of intent, malice, or premeditation is involved.—*Ford v. The State*, 71 Ala. 385, and cases cited; *Gunter's Case*, 83 Ala. 96; *Carter v. State*, 87 Ala. 113; *Cleveland v. State*, 86 Ala. 1; *State v. Bullock*, 13 Ala. 413; 4 Amer. & Eng. Encyc. Law, 707; *Flanigan v. People*, 86 N. Y. 554; 40 Amer. Rep. 556, and note pp. 560-570. It can, however, never legally excuse or justify an assault and battery, the condition of the criminal's mind not being an element of this particular offense.—*Mooney v. The State*, 33 Ala. 419.

The first charge requested by the defendant on this subject was misleading and ambiguous in meaning, because of the failure to define the meaning of the phrase "crazy drunk," and was properly refused. The third charge called for an

[Penny v. The State.]

acquittal of assault and battery, as well as of the assault with intent to murder, on the ground of drunkenness, and there was no error in the refusal to give it.

The other exceptions are not contended for, nor are they maintainable.

The judgment must be affirmed.