# Fonville *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Difficulty between prosecutor and third person as evidence.*—The defendant being on trial for an assault with intent to murder the pros-

[Fonville v. The State.]

ecutor, he can not be allowed to prove that, "on the same day, and at or near the time of the difficulty between them, the prosecutor had a difficulty with another person," unless some connection between the two transactions is shown.

2. *Evidence as to color or age of witness, as affecting credibility.*—An admission having been made as to the testimony of an absent witness, it is not permissible to prove by another witness, as affecting his credibility, that he is a negro, since the court can not judicially know that he is therefore unworthy of belief; but it is permissible to prove, without regard to his color, that he is a boy about fourteen years of age.

3. *General objection to question or evidence partly legal.*—A general objection to a question, which calls for evidence partly legal, may be overruled entirely, although part of the evidence called for is illegal.

4. *Evidence on cross-examination.*—The defendant having introduced evidence tending to show that he was under the influence of liquor at the time of the assault with which he is charged, and having testified that he bought and drank a bottle of whiskey that morning, he may be asked on cross-examination, with a view to contradicting him, from whom he bought it.

5. *Proof of intent.*—The defendant, testifying for himself, can not be allowed to state that he "did not intend to kill" the prosecutor, the intent being a question for the jury.

6. *Drunkenness, as excuse or defense.*—Drunkenness does not, of itself, excuse or palliate a criminal offense; but it may be so excessive as to paralyze the mental faculties, or render the accused incapable of entertaining or forming the design to take life, and thereby prevent a conviction for an assault with intent to murder.

7. *Same; burden of proof; reasonable doubt.*—When drunkenness is relied on in defense of an indictment for an assault with intent to murder, the *onus* is on the defendant to establish to the satisfaction of the jury, by a preponderance of the evidence, such a degree of intoxication as brings him within the rule; and a reasonable doubt of this, on all the evidence, does not justify an acquittal.

8. *Charges as to construction of evidence.*—When the evidence in a criminal case is susceptible of two reasonable constructions, it is for the jury to say which construction they will adopt; and a charge which instructs them that, if the two constructions are equally reasonable, they must adopt that which favors the defendant's innocence, is properly refused.

9. *Establishing or changing bill of exceptions.*—A bill of exceptions can only be established in this court on proof (1) that the evidence or ruling is correctly stated, (2) that it was duly presented to the presiding judge for signature, and (3) that he refused to sign it (Code, §§ 2760–62); nor can the bill of exceptions set out in the record be changed on the testimony or *ex-parte* affidavits of witnesses, taken before a commissioner on notice to the adverse party, as to their recollection of the particular rulings.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case, Pleas Fonville, a negro, was indicted for an assault on J. C. Comer, a white man, with the intent to murder him; was convicted, and sentenced to the penitentiary for two years. The difficulty between the parties occurred in the town of Georgiana, on the 1st March, 1890; and the evidence tended to show that they had been drinking

together, and that each was under the influence of liquor.
The evidence adduced by the State, being the testimony of
the prosecutor and others, was to the effect, that the defendant
brought on the difficulty, cursed and abused Comer, cut him
several times with a knife, and, after they had been separated,
returned with a pistol in his hand, which was taken from him
by a bystander.   The defendant's testimony, and that of the
witnesses introduced by him, was in substance, that the pros-
ecutor was at fault in bringing on the difficulty, and struck
and cut him several times before he struck in self-defense.   A
witness for the prosecution was asked, on cross-examination,
"Did Comer have a difficulty with another party at Georgiana,
on the same day, at or near the time of the difficulty with defend-
ant, in which Comer was said to have killed a man named
York ?"   and another witness was asked, "Did Comer have a
difficulty with a man named York, a few minutes after the
difficulty with defendant ?"   The court sustained an objection
to each of these questions, and the defendant excepted.

The defendant having asked a continuance, on account of
the absence of two witnesses, Irvin Barge and Andrew Blue,
the prosecution admitted his statement as to what they would
swear.   Afterwards, during the examination of one Rye, the
prosecution asked him if he was acquainted with said Barge
and Blue ; and having answered that he was acquainted with
them, he was asked the further question, as it is stated in the
bill of exceptions, "Are they white or colored, and how old
are they ?"   to which he answered, "that they were negroes,
one about fourteen, and the other about eighteen years old."
To this question and answer, each, the defendant objected and
excepted.   The appellant made a motion in this court to
establish another bill of exceptions, or to change the bill found
in the record, by showing that two questions were asked as to
these absent witnesses, one as to their color, and the other as
to their respective ages, and that separate exceptions were re-
served to the rulings of the court on each question ; and he
submitted the depositions, or affidavits of several persons,
taken before a notary public as commissioner, after notice to
the solicitor of the circuit ; each of said witnesses testifying
that he was present in court during the trial, and that sepa-
rate questions were asked as stated, and separate exceptions
reserved.   No entry of this motion appears on the docket, nor
is there any thing of record to show the precise form of the
motion.

The defendant requested the following charges in writing,
and duly excepted to their refusal: (1) "If the testimony shows
two theories, one tending to guilt, and the other to innocence,

the jury must accept that theory consistent with innocence, and acquit." (2.) "They may look to the fact, if it be a fact, that the defendant was under the influence of intoxicating liquor, in determining the question of intent; and if they believe that his conduct at the time of the difficulty was inspired by his condition, and not by malice, they can not find him guilty of the offense charged; and if they have a reasonable doubt on the subject, they can not find him guilty of an assault with intent to murder." (3.) "If the testimony points in two directions, one to guilt, and the other that the defendant is not guilty, and both are equally reasonable, they are bound to accept that which points to innocence, and must acquit."

J. M. WHITEHEAD, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—Acts and declarations, to be admitted as *res gestæ*, must not only be substantially contemporaneous with the main fact under consideration, but must be so closely connected with it as to illustrate its character.—*Ala. Gr. So. R. R. Co. v. Hawks*, 72 Ala. 117; *Martin v. Phinizy*, 56 Ala. 339; *Gassenheimer v. State*, 52 Ala. 318. It is not shown what connection the former difficulty inquired about, between the witness Comer and some other party, had with the difficulty between the defendant and the witness Comer, or how the former tended to explain or characterize the assault of the defendant on the witness in the latter. The objection to the question relative to a different difficulty was properly sustained.

For the purpose of a trial, the State admitted that two absent witnesses summoned by defendant, if present, would testify to certain stated circumstances connected with the assault for which the defendant was being tried. During the examination of the witnesses, the solicitor inquired of one, if he was acquainted with the two absent witnesses concerning whom the admissions had been made by the State, and if so, "were they white or colored, and how old were they?"

It is the law of this State, that the admission of illegal or irrelevant evidence against the objection of a defendant, on trial for a criminal offense, is a reversible error, unless it affirmatively appears that no injury resulted therefrom.—*Maxwell v. State*, 89 Ala. 164; *Marks v. State*, 87 Ala. 99; *Vaughan v. State*, 83 Ala. 55; *Ib.* 16; *Mitchell v. State*, 6 Ala. 26. To inquire and prove that the absent witnesses were negroes, certainly was irrelevant, unless the court judi-

cially knew the color of the witnesses affected their credibility. If it was judicially known that, as a race, the witnesses were *prima facie* unworthy of belief, the question was both relevant and legal. We can not judicially affirm of any race of people, of whatever color, as St. Paul did of the Cretians, that they were "always liars." Under the principle above declared, the objection to such a question, properly made and reserved, should be sustained.

The law is well settled, that a general objection to evidence, a part of which is admissible, and a part objectionable, may be overruled. The objection should point out and be limited to the part which is illegal.—*Hayes v. Wood,* 72 Ala. 93; 3 Brick. Dig. 443, §§ 570, 571; *Wagner v. Warren,* 75 Ala. 188.

It was entirely competent to inquire as to the ages of the absent witnesses; as much so as it would have been permissible to prove their general character for truth and veracity, or relationship to the accused. Information of this kind would enable the jury to properly weigh the evidence. The objection being general to a question, in part legal, and in part illegal, it was not a reversible error to sustain an objection to it.

The defendant attempted to show that he committed the assault while intoxicated, and on his direct examination testified, that he purchased a bottle of whiskey in Georgiana, which he drank just before the difficulty. On cross-examination, the solicitor asked him from whom he purchased the bottle of whiskey. This was permissible on cross-examination, as the State had the right to disprove the statement of the witness, as to the purchase of the whiskey, and quantity purchased.

There was no error in sustaining the objection to the question to the defendant: "Did you intend to kill Comer?" The "intent" of the defendant was a conclusion to be ascertained by the jury, from all the facts testified to in the case.

Voluntary drunkenness does not excuse or palliate an offense.—*Tidwell v. State,* 70 Ala. 33. It can not be said, in any proper sense, that intoxication excuses the crime committed under its influence, or that the defendant should, on that account, be entirely acquitted of the crime.—*Ford v. State,* 71 Ala. 385. Continued and excessive drunkenness may render the accused incapable of forming or entertaining the specific intent which is a material ingredient of the statutory offense of an assault with intent to murder.—*Ross v. State,* 62 Ala. 224.

Drunkenness does not excuse or palliate an offense, but it may produce a state of mind, in which the accused is inca-

[Fonville v. The State.]

pable of entertaining or forming the design to take life. In such case, the accused is entitled to an acquittal of the felony, not because of the drunkenness, but because of that mental condition, which rendered him incapable of deliberation, or to form a design.—*Mooney v. State*, 33 Ala. 420; *De Arman v. State*, 63 Ala. 176. These conclusions rest upon the principle, that the law will not punish an act committed by one irrational or insane at the time the act was committed. Whether this condition of mind is superinduced by drunkenness, or proceeds from other causes, can make no difference in principle.

In all such cases, the burden of proof is on the defendant, to establish by a preponderance of the evidence, to the satisfaction of the jury, that such was the condition of the mind of the defendant, at the time the act was committed; and a reasonable doubt of this, raised by all the evidence, does not justify an acquittal.—*Parsons v. State*, 81 Ala. 578; *Boswell v. State*, 63 Ala. 307; *Ford v. State*, 71 Ala. 385; *Maxwell v. State*, 89 Ala. 150.

Charge No. 2 asked by the defendant manifested a total misconception of the law applicable in such cases. A person is not excused for an act, because it was done under the "influence of intoxicating liquor," or if the act was "inspired" by drink. To so hold would nullify the principle, that drunkenness does not excuse crime. Such a doctrine would excuse crime resulting from moral obliquity, or wicked propensities, aroused and stimulated into action by voluntary drunkenness.

Charges Nos. 1 and 3 are liable to the same objection. They are misleading, and each invades the province of the jury. Either theory might be warranted, in the absence of the other. If there is evidence tending to show the guilt of the defendant, and also evidence tending to exculpate him, it is for the jury to determine from all the evidence whether they are legally satisfied of the defendant's guilt, and not for the court to instruct them, what part of the evidence they shall credit, and what conviction such evidence shall produce on their minds, or which theory they shall accept.—*Smith v. State*, 88 Ala. 23; *Adams v. Thornton*, 78 Ala. 489.

Depositions were taken to establish a bill of exceptions. It is sufficient to say, that there is no evidence to show that any bill of exceptions, other than that in the record, was prepared and tendered to the presiding judge. There is no evidence to show that the exceptions proposed to be established by the depositions were ever brought to the attention of the court, or that the presiding judge refused to sign or give the defendant the benefit of such exception.—Code, § 2760. Section 2762 of the Code was never intended to permit a defend-

[Brassell v. The State.]

ant to go forward, after the adjournment of court, and establish a bill of exceptions, without having first complied with sections 2760–2761 of the Code.

The depositions nowhere pretend to establish a bill of exceptions, but only to prove two objections to testimony, which do not appear in the record. The proposition is not to amend the bill of exceptions, as it appears in the record, but to establish a bill. The circumstances under which the depositions are offered, do not entitle them to any consideration.

Affirmed.