[Chatham v. The State.]

# Chatham *v.* The State.

### Indictment for Larceny.

| | |
|---|---|
| 92 | 47 |
| 94 | 105 |
| 92 | 47 |
| 97 | 26 |
| 92 | 47 |
| 99 | 192 |
| 92 | 47 |
| 103 | 81 |
| 92 | 47 |
| 115 | 74 |
| 92 | 47 |
| 120 | 286 |
| 92 | 47 |
| 139 | 48 |
| 92 | 47 |
| 142 | 297 |
| e142 | 298 |

1. *Drunkenness as defense.*—On a prosecution for larceny, there being some evidence that the defendant was drunk when he took the articles charged to have been stolen, he has a right to have the jury pass on the credibility and sufficiency of the evidence showing the extent and degree of his intoxication, as affecting his mental capacity to form or entertain the specific intent which is of the essence of the offense; but the jury should be instructed that his intoxication is no excuse, unless so excessive as to render him incapable of consciousness that he is committing a crime—"incapable of distinguishing between right and wrong; stupefaction of the reasoning faculty."

2. *Argumentative charges* are properly refused.

FROM the Circuit Court of Pike.

Tried before Hon. JOHN P. HUBBARD.

The appellant, Dock Chatham, was indicted, tried and convicted for larceny from a store-house. The testimony tended to show that, before the finding of the indictment, the defendant took from the store-house of one C. L. Mathis a sack of flour weighing 25 pounds, and worth 85 cents; that from the store he carried it, and put it on the platform just outside of the back door, remained in the store a few minutes, and then went outside; that upon the matter being reported to the policeman, he was arrested in another part of the town, while attempting to hitch a horse to his wagon; and that the place where he was arrested was in the direction from the store to his house. As is recited in the opinion, there was testimony tending to show that the defendant was drunk at the time the alleged offense was committed.

The bill of exceptions recites: "The solicitor, in his opening argument to the jury, contended that, in construing the conduct of the defendant, they must not look upon it as they would if the jury were construing their own acts or conduct, but that they must construe them as the acts and conduct of a thief. But to this no exception or objection was made." The defendant requested two charges, each of which the court refused, and the defendant separately excepted. The first charge is copied in the opinion. The second is as follows: "The law presumes the defendant is innocent, until the evidence establishes his guilt beyond all reasonable doubt; and

[Chatham v. The State.]

this presumption follows him, until the jury has reached the conclusion that he is guilty beyond all reasonable doubt; so then, he is tried as an honest man, and not as a thief; and in applying the test of every day experience to the conduct of defendant, the jury must look at his conduct as that of an honest man, until they are satisfied beyond a reasonable doubt that he is guilty."

M. N. CARLISLE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The defendant was tried and convicted for the offense of larceny from a store-house. There being some testimony that he was drunk at the time of the commission of the offense, and he himself having testified that he did not remember anything which occurred on that day, defendant requested the court to instruct the jury : "Although drunkenness is no excuse for crime, yet, if the jury believe that, at the time the flour is said to have been taken, the defendant was in such a condition from drink as not to form a specific intent to take, or not to take the flour, then the jury may look to such condition, along with the other evidence in the case, to determine whether or not the taking was with the intent to deprive the owner of the property, or to appropriate it to defendant's own use." While, as a general proposition, voluntary drunkenness neither excuses nor palliates an offense, yet its excessiveness may produce such a mental condition as to render the intoxicated person incapable of forming or conceiving a specific intent or purpose.—*Fonville v. The State,* 91 Ala. 39. When the offense consists of an act committed with a particular intent—when a specific intent is of the essence of the crime—drunkenness, as affecting the mental state and condition of the accused, becomes a proper subject to be considered by the jury in deciding the question of intent.

Extracts from a few of the authorities will suffice to illustrate the reasons for, and the application of the doctrine. In *People v. Walker*, 38 Mich. 156, Cooley, J. says : "While it is true that drunkenness can not excuse crime, it is equally true that, when a certain intent is a necessary element in a crime, the crime can not have been committed when the intent did not exist. In larceny, the crime does not consist in the wrongful taking of the property, for that might be a mere trespass ; but it consists in the wrongful taking with felonious intent; and if the defendant, for any reason whatever, indulged in no such intent, the crime can not have been committed." In *Swan v.*

*State*, 4 Humph. 136, it is said: "Although drunkenness, in point of law, constitutes no excuse or justification for crime, still, when the nature and essence of a crime is made by law to depend upon the peculiar state and condition of the criminal's mind at the time, and with reference to the act done, drunkenness, as a matter of fact, affecting such state and condition of the mind, is a proper subject for consideration and inquiry by the jury. The question in such cases is, what is the mental *status?*"

The decided weight of authority sustains the doctrine, that evidence of the condition of the accused, though caused by voluntary drunkenness, is receivable, and may be considered by the jury in determining the question of intent.—*State v. Bell*, 29 Iowa, 316; *Wood v. State*, 34 Ark. 341; 36 Am. Rep. 13; *Rogers v. State*, 33 Ind. 543; *People v. Harris*, 29 Cal. 678; 4 Am. & Eng. Encyc. of Law, 712. Charges as to this doctrine should, when necessary, be accompanied by such explanatory instructions as will prevent its misapplication by juries. Partial intoxication will not avail to disprove the specific intent; it must be of such character and extent as to render the accused incapable of consciousness that he is committing a crime; incapable of discriminating between right and wrong—stupefaction of the reasoning faculty.

There being some testimony tending to show that defendant was drunk, he had a right to have the jury pass upon its credibility and sufficiency to prove that he was so drunk as to be incapable of forming the specific intent to steal.—*King v. State*, 90 Ala. 612. The charge should have been given.

The second charge requested by defendant is purely argumentative, evidently intended as a reply to remarks made by the prosecuting attorney, mentioned in the bill of exceptions; for this reason, it was properly refused.

Reversed and remanded.