# Whitten v. State.

*Indictment for Assault with Intent to Ravish.*

1. *Assault with intent to ravish; drunkenness as a defense; charge to the jury.*—On a trial for assault with intent forcibly to ravish, where there was evidence that defendant was sober at the time, and also evidence that he was drunk, a charge asserts a correct proposition and should be given, which instructs the jury that, if from the evidence they have a reasonable doubt that he was sufficiently sober to form the specific intent to ravish, they can not find him guilty.

2. *Same; same; simple assault.*—In such case, the condition of defendant's mind, arising from his voluntary drunkenness, was no excuse for the assault included in the statutory offense of assault with intent forcibly to ravish.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The facts of the case are sufficiently stated in the opinion.

BURNETT & CULLI, for appellant.—The charge requested by the defendant should have been given. *White v. State*, 103 Ala. 72; *Chatham v. State*, 92 Ala. 47; *Fonville v. State*, 91 Ala. 39; *King v. State*, 90 Ala. 612; *Ford v. State*, 71 Ala. 385; *Tidwell v. State*, 70 Ala. 33; *Armor v. State*, 63 Ala. 173; *Ross v. State*, 62 Ala. 224; *Mooney v. State*, 33 Ala. 419; *Reagan v. State*, 19 Amer. St. Rep. 833.

WILLIAM C. FITTS, Attorney-General, for the State, cited 3 Greenl. on Evidence, 11; *Commonwealth v. Hawkins*, 3 Gray (Mass.) 466; *Haile v. State*, 11 Hump. (Tenn.) 154; *Commonwealth v. Hagenlock*, 140 Mass. 127.

COLEMAN, J.—The defendant was indicted and con-
victed for an assault with intent forcibly to ravish.
There was evidence introduced on the trial, to show that
at the time of the misconduct of the defendant, he was
sober, and there was evidence tending to show that he
was drunk. On this phase of the evidence, the defend-
ant requested the court to give the following charge:
"The presumption in this case is that the defendant is
innocent until the State has proven beyond all reason-
able doubt that he is guilty; and if the jury have a
reasonable doubt growing out of all the evidence, as to
whether he was sufficiently sober to form the specific in-
tent to ravish, then the jury cannot find the defendant
guilty of an assault with intent to ravish." This charge
was refused. We are of opinion the charge should
have been given. In order to convict under the statute
for an assault with intent to ravish, it is necessary to
satisfy the jury beyond a reasonable doubt, that the de-
fendant entertained the specific intent charged and made
the assault, to accomplish the specific purpose. Mere
drunkenness does not excuse or palliate an offense, but
it may produce a state of mind, which incapacitates the
party from forming or entertaining a specific intent.
If the mental condition is such that a specific intent can-
not be formed, whether this condition is caused by
drunkenness or otherwise, a party cannot be said to have
committed an offense, a necessary element of which is,
that it be done with a specific intent.

The rule at one time prevailed that the burden was
on the defendant to show to the satisfaction of the jury,
that he was incapable of forming the specific intent.
*Fonville's Case,* 91 Ala. 39, and authorities cited. We
think the better and latest rule is, that if upon consid-
eration of all the evidence, the jury have a reasonable
doubt of the defendant's guilt, he is entitled to an ac-
quittal; and the application of this principle is not af-
fected by reason of the fact that the criminating testi-
mony offered by the prosecution, may have imposed
upon the defendant the burden to overcome its effect. If
the offense is of such a character, that the exercise of a
specific intent is a necessary element in its commission,
it cannot be said, that a jury should be satisfied beyond
a reasonable doubt of the defendant's guilt so long as
the jury have a reasonable doubt arising from the evi-

dence, that the defendant was capable of forming such specific intent. Any other rule would authorize a verdict of guilty in a criminal case on a less degree of proof and conviction of the judgment than that of satisfaction beyond a reasonable doubt.—*Henson v. The State*, 112 Ala. 41; *Chatham v. The State*, 92 Ala. 47; *King v. The State*, 90 Ala. 612; *Walker v. The State*, 91 Ala. 76.

The condition of the defendant's mind, arising from his voluntary drunkenness, was no excuse for the assault, an offense included in that charged. It can only be considered upon the question of his guilt of the statutory offense for which he was indicted, to-wit, an assault with intent to forcibly ravish, which involves the condition of the defendant's mind.—*Engelhardt v. The State*, 88 Ala. 100.

Reversed and remanded.