# Brown v. State.

*Prosecution for Assault with Intent to Murder.*

1.  *Conflict in evidence; introduction of contradictory statements.*
    In a prosecution for assault with intent to murder, where there
    is conflict in the evidence as to who was the aggressor, it is
    admissible, after laying predicate, to prove a contradictory
    statement of the prosecuting witness as to material facts.
2.  *Effect of contradictory statements as to credibility of the witness'
    testimony; charge in relation to.*—A charge to the jury that "if
    any witnesses have made contradictory statements as to ma-
    terial facts in this case, this may, in the discretion of the jury,
    create a reasonable doubt as to the truth of the evidence of
    such witnesses" does not assert a correct legal proposition and
    is properly refused.   (*Overruling Gregg v. State,* 106 Ala., 14;
    *Wilbourn v. State,* 114 Ala. 19.)
3.  *Assault with intent to murder; circumstances from which intent
    may be inferred.*—In a prosecution for assault with intent to

[Brown v. State.]

murder, the intent may be inferred from the character of the assault, the want or use of a deadly weapon, and the presence or absence of excusing or palliating facts or circumstances.

4. *Same; same; length of time that assaulted party is confined.* The length of time that the assaulted party is confined as a result of the wound inflicted on him by the defendant is material to show as to whether or not there was an intent to kill, as the extent of the wound may shed light upon the subject and would be a proper consideration for the jury in determining the intent.

5. *Proof of good character of witness whose testimony had been impeached by evidence of contradictory statements, admissible.* Where a witness has been impeached by proof of contradictory statements, evidence of the good character of such witness is admissible.

6. *Same; testimony of father.*—The father is a competent witness to testify to the good character of the son.

7. *Admitted showings as to evidence of absent witnesses; effect when such showing is not introduced and the witness appears and testified contrary to the showing.*—The rule that an attempt by a party to make the false appear true is a circumstance which the jury may consider to the disadvantage of the party so doing, does not apply where a showing is admitted, but is not introduced by the party in whose favor it is made, and the witness subsequently appears and testifies contrary to the showing.

8. *Same; introduction of witness, for whom a showing in behalf of the defense has been made, by the State.*—A showing as to a witness of the defense which has been admitted by the State but not introduced by the defense and which, on the appearance of the witness during the trial, is introduced by the State, and the State cannot contradict same by the introduction of the witness to prove the falsity of the showing.

9. *Drunkenness as proof of lack of intent.*—To prove specific intent, partial intoxication will not avail. The intoxication must be shown to be such that the defendant's "mental faculties, because of drunkenness, were so overcome and stupefied as to render him incapable of distinguishing between right and wrong."

10. *Presumption of malice from use of deadly weapon.*—The law presumes malice from the use of a deadly weapon on making an assault unless the evidence in the case rebuts that presumption, and unless the evidence overcomes such presumption, such assault is in law a malicious assault.

[Brown v. State.]

11. *Charge containing a statement of undisputed fact.*—A charge to the jury as follows: "Did the defendant commit an assault upon Grady Cox with a knife. There is evidence that he did," is proper when the fact of such assault with a knife is undisputed.

12. *Deadly weapon; knife will be so considered if it cuts through the clothing.*—A charge that the "law pronounces it a deadly weapon if you should find from the evidence that it cut through the clothing" is proper.

13. *Charge as to degree of conviction with which jury should regard defendant's guilt in order to render ,verdict of guilty.*—A charge that "if, after considering all the evidence, you have a fixed conviction of the truth of the charge,—you are satisfied beyond a reasonable doubt—then it is your duty to convict the defendant," is correct.

14. *Degree of doubt necessary to support acquittal; mere possible doubt insufficient.*—A charge to the jury that "the doubt which will justify an acquittal must be actual and substantial—not a mere possible doubt—because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt" is correct.

15. *Possibility of innocence insufficient to justify acquittal.*—A charge to the jury that "if you believe from the evidence beyond a reasonable doubt that the defendant is guilty, though you also believe it possible he is not guilty, you must convict him," is correct.

16. *Credibility of witnesses and weight given to the testimony, jury is judge of.*—A charge to the jury that "you are the sole judge as to the credibility of the witnesses and the weight that should be given to the testimony" is correct.

17. *A charge which is a mere argument should not be given.*—A charge that "the jury must try this case by the evidence and not by the jokes of the counsel" is a mere argument intended to answer the opposing counsel, and is properly refused. ·

18. *Same; acquittal of defendant who is doubtfully guilty.*—A charge that "the law is as much vindicated by turning loose the doubtfully guilty as by convicting the guilty" is a mere argument and is properly refused.

19. *Reasonable doubt as to any material fact insufficient to justify acquittal; charge to that effect.*—A charge that "if the jury have any reasonable doubt of any material fact in this case, they must acquit the defendant" is bad.

20. *Assault with intent to murder; if defendant, had death ensued,*

19c

[Brown v. State.]

*would only have been guilty of manslaughter in the first de-
gree, he cannot be found guilty of.*—In a prosecution for as-
sault with intent to murder, if the defendant, had death en-
sued, would only have been guilty of manslaughter in the first
degree, he cannot be found guilty, where death did not en-
sue, of assault with intent to murder.

21. *Same; same; charge must define what is manslaughter in the
first degree.*—A charge to the jury that "if the jury believe
from the evidence that if Cox had died it would only have been
manslaughter, in the first degree, the jury cannot find defend-
ant guilty of an assault with intent to murder" is properly
refused, because it refers a question of law to the jury and
leaves it to them to define what is manslaughter in the first
degree.

22. *Evidence; charge as to effect of.*—A charge to the jury that "if
the jury believe that defendant had made friends with Cox in
good faith and that Cox then began to abuse defendant about
the butter and cursed defendant and struck him in the face
and that defendant then inflamed by the blow suddenly cut
Cox with his knife, you cannot convict him of assault with
intent to murder" is properly refused.

23. *Same; same.*—A charge that "if the jury believe. from the ev-
idence that Cox was following Brown over the yard and that
Cox suddenly attacked him and struck him in the face and the
jury believe that Brown suddenly inflamed by this blow cut
Cox with a knife, defendant cannot be found guilty of an as-
sault with intent to murder" is properly refused.

24. *Assault with intent to murder; reasonable doubt as to specific
intent; charge in relation thereto.*—A charge that "if the jury
have a reasonable doubt growing out of the evidence whether
defendant assaulted Grady Cox with the specific intent to kill
him,.you must acquit the defendant," is bad.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This is a prosecution of the appellant, Edward L.
Brown, for assault with intent to murder one Grady Cox.
It appears from the evidence that a few hours before the
commission of the alleged offense, Cox and Brown had
had a difficulty in which Cox had struck Brown with a
stick. Cox was a boy sixteen years of age. The evidence
shows that Brown just before the cutting which forms

the basis of this prosecution, while in a very drunken state, told Cox to repeat certain remarks which he, Cox, had made. Cox thereupon struck Brown, and Brown then cut Cox with a knife, from the effects of which wound Cox was confined for about two and a half months.

The defendant duly excepted to the following portions of the general charge given by the court: (1.) "The law presumes malice from the use of a deadly weapon in making an assault unless the evidence in the case rebuts that presumption, and unless the evidence overcomes such presumption, such assault is in law a malicious assault." (2.) "Did the defendant commit an assault upon Grady Cox with a knife. There is evidence that he did." (3.) "The law pronounces it a deadly weapon if you should find from the evidence that it cut through the clothing." (4.) "Before it can be said that the defendant was incapable of forming such intent, it must have been that his mental factulties were so far overcome or stupefied as to render him incapable of distinguishing between right and wrong." The court, at the request of the State, gave the following charges, to which defendant duly excepted: (3.) "The defendant is a competent witness in his own behalf, yet in considering his testimony you would be authorized to weigh it in the light of the interest he has in the result of your verdict, together with all the evidence in the case." (5.) "If, after considering all the evidence, you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt, then it is your duty to convict the defendant." (6.) "The doubt which will justify an acquittal must be actual and substantial—not a mere possible doubt—because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt." (9.) "If you believe from the evidence beyond a reasonable doubt that the defendant is guilty, though you also believe it possible that he is not guilty, you must convict him." (10.) "You are the sole judges as to the credibility of the witnesses and the weight that should be given to the testimony." The

defendant asked the following written charges, which the court refused to give, and to the action of the court in refusing to give each of said charges, the defendant then and there separately and severally excepted: (5.) "The court charges the jury, it is before the jury that defendant slapped Miller's child and whipped a little negro. (6.) The jury must try this case by the evidence and not by the jokes of counsel." (9.) "The law is as much vindicated by turning loose the doubtfully guilty as by convicting the guilty." (12.) "If the jury have any reasonable doubt of any material fact in this case, they must acquit the defendant." (16.) "If the jury believe from the evidence that if Cox had died it would only have been manslaughter in the first degree, the jury cannot find defendant guilty of an assault with intent to murder." (17.) "If the jury believe that defendant had made freinds with Cox in good faith, and that Cox then began to abuse defendant about the butter, and cursed defendant and struck him in the face, and that defendant then, inflamed by the blow, suddenly cut Cox with his knife, you cannot convict him of an assault with an intent to murder." (18.) "The court charges the jury if the jury believe from the evidence that Cox was following Brown over the yard and that Cox suddenly attacked him and struck him in the face, and if the jury believe that Brown suddenly inflamed by this blow cut Cox with the knife, defendant cannot be found guilty of an assault with intent to murder." (20.) "If the jury have a reasonable doubt growing out of the evidence whether defendant assaulted Grady Cox with the specific intent to kill him, you must acquit the defendant." The jury found the defendant guilty of assault with intent to murder, and fixed his punishment at imprisonment in the penitentiary for two years. From this verdict the defendant appeals, and assigns the various rulings of the trial court, to which exceptions were reserved, as error.

BURNETT, HOOD & MURPHREE, for appellant.—The question as to how long the defendant was confined with his wound was improper. The general character of the

[Brown v. State.]

prosecuting witness was not in issue. It was improper to try to prove same by his father.

The introduction of the showing as to what defendant expected to prove by Miss McCoy, who had been absent, and her testimony that the showing was untrue, was monstrous.

MASSEY WILSON, Attorney-General, *contra.*—The extent of the wound may shed light upon the intent in inflicting it.—*Jackson v. State,* 94 Ala. 85.

Where the defense had attempted to show that the wounded man had the reputation of being quarrelsome, it is admissible to prove the good character of such wounded man.—*Bussey v. State,* 87 Ala. 121; *Bell v. State,* 100 Ala. 78.

Relationship does not disqualify a witness from testifying to good character.

The instruction of the court as to the extent of drunkenness necessary to render defendant incapable of intent is a proper statement of the law.—*Parrish v. State,* 36 So. Rep. 112.

ANDERSON, J.—Appellant, Brown, was convicted for an assault to murder and from said judgment of conviction brings this appeal.

While the assaulted party as a state witness was testifying, a predicate was laid for proving a contradictory statement, which he denied, and which the defendant proved was made by the said witness Brown. We think the contradictory statement was material, as there was a conflict in the evidence, as to who was the aggressor.

The defendant asked in writing the following charge, numbered 13: "The court charges the jury, if any witnesses have made contradictory statements as to material facts in this case, this may in the discretion of the jury, create a reasonable doubt as to the truth of the evidence of such witness," which was refused, and the action of the court in refusing said charge is among the assignments of error. This charge has been held good in *Gregg v. State,* 106 Ala. 44 and *Williams v. State,* 114

Ala. 19, and which seems to be based upon doctrine in the case of *Washington v. State,* 58 Ala. 355. We do not think the charge in question asserts a correct legal proposition, and *Gregg v. State* and *Williams v. State, supra,* are hereby overruled, and said charge 13 was properly refused.

The length of time that the assaulted party is confined as a result of the wound inflicted on him by the defendant, is material to the issue as to whether or not there was an intent to kill, as the extent of the wound may shed light upon the subject and would be a proper consideration for the jury in determining the intent. The intent may be inferred from the character of the assault, the want or use of a deadly weapon, and the presence or absence of excusing or palliating facts or circumstances. *Meridith v. State,* 60 Ala. 441; *Jackson v. State,* 94 Ala. 89. There was no error in permitting Cox to testify how long he was confined from the effects of said wound.

The objection to the proof of the good character of the witness, Grady Cox, was properly overruled, as he had testified as a witness and had been impeached by the defendant as to contradictory statements, and it was permissible to sustain his credibility by proof of good character.—*Haley v. State,* 63 Ala. 89; Second Brick. Digest, 547, § 104. If this rule did not prevail, the only ground assigned to the objection of the testimony of the elder Cox, was because he was the father of the witness, whose character was in question. We know of no rule of law prohibiting the father from testifying, either in behalf of his son or his character when the same has been assailed.

It appears from the record that the defendant announced, "not ready for trial," owing to the absence of several witnesses and was put upon a showing for said witnesses. The showings were prepared and admitted by the state and the trial was entered into. After the trial was in progress one of the witnesses, (Miss McCoy), for whom a showing had been made, appeared. It seems that the defendant neither offered his showing or introduced the witness and that the state was permit-

ted, over the objection of defendant, to introduce in evidence the showing and then the witness to contradict the showing. There is a principle of law, that if a fraud upon the court be attempted, in the getting up of false testimony, or by any other artifice tending to deceive or mislead, or to make the false appear to be true, and this is knowingly assisted or procured to be done by the suitor, this is a circumstance which the jury may rightly consider, to the disadvantage of the party making, or assisting in such an attempt. An honest cause, the law considers, needs not the aid of such reprehensible methods. But, to justify the application of the principle, there must be some proof of it, or testimony of some fact or circumstance, tending to support such inference. Mere conflict among witnesses examined on the opposing side, without more, does not and cannot raise such inquiry, or bring the principle referred to into play. *Beck v. State*, 80 Ala. 1; 1 Greenleaf on Evidence, § 469; *Childs v. State*, 76 Ala. 93. We cannot see, however, how the foregoing rule can justify what the court permitted in this case. The showing had been admitted by the state and it was clearly within the province of the defendant to introduce it or not in the absence of the witness. On the other hand, when the witness appeared the showing could not be urged as evidence and the defendant then had the right to introduce the witness or not, just as he saw fit, and his failure to do so gave the state no right to introduce the showing. After the showing was offered, it was the state's evidence, and we are at a loss to see how it could then introduce a witness, for no purpose, other than to contradict the facts set out in the said showing. It may be that the rule of making showings is often abused and justice is often delayed by injecting into showings, for the sake of getting a continuance, facts that the witness would not verify, and parties and counsel should refrain, as far as possible, from simulating or manufacturing testimony; and juries often fail to give much credit to showings, because of the often abuse of the rule. Yet there are cases in which lawyers and clients are often deceived as to

what they can prove by the witnesses. Cases have occurred where witnesses have sworn upon the stand facts entirely different to those stated to the party using them, just prior to the examination. We cannot commend what was done in this case, as it would establish a rule that would be a radical departure from the safeguards thrown around the introduction and admissibility of evidence, simply because it sometimes appears that the contents of a showing may be fabricated. The case at bar is an illustration of the many collateral and immaterial errors that can be injected into a trial by permitting such evidence. The showing was introduced, then contradicted, then defendant undertook to explain and the witness was contradicted, and then character evidence was introduced to bolster up the witness who testified only with reference to this one issue, thus devoting as much time to the truth or falsity of a showing, which was never introduced by the party making it, as was necessary for the trial of the case upon proper issues, to say nothing of the infringement of the elementary rules of evidence.

Assignments 8, 9, 10, 11, 12 and 13, grew out of the introduction of the showing and should not arise on another trial of this case.

Exception 1 to the general charge was not well taken, as it asserted the law.—*Sylvester v. State,* 72 Ala. 201.

The second exception to the oral charge was not well taken. It was simply the statement to the jury of an undisputed fact and which was doubtless uttered as an hypothesis for a fair discussion of the case, in all of its phases and aspects to the jury.—*Woodbury v. State,* 69 Ala. 242; *McNeill v. State,* 102 Ala. 121.

Exception 3 to the general charge was bad, it was the mere garbling of a sentence.

Exception 4 to the general charge was based upon the court's definition of the character of drunkenness necessary to relieve the defendant of the specific intent. Voluntary drunkenness excuses no man for the commission of a crime which does not involve a specific intent, regardless of the nature and character of his mental condition as a result therefrom. The most that can be

claimed on such subject, is that the fact of excessive drunkenness is sometimes admissible to reduce the grade of the crime, when the question of intent, malice or premeditation is involved.—1 Whar. Crim. Law, § 49; *Parrish v. State,* 139 Ala. 16; *Whitten v. State,* 115 Ala. 72; *Chatham v. State,* 92 Ala. 47; *King v. State,* 90 Ala. 612. In *Chatham v. State, supra,* it was held that partial intoxication will not avail to disprove the specific intent; it must be of such character and extent as to render the accused incapable of consciousness that he is committing a crime, incapable of discriminating between right and wrong, stupefication of the reasoning faculty. We think the definition of the trial judge comes within the foregoing rule.

Exception 5 to the general charge was based upon the testimony of Miss McCoy and the showing, and as that question will doubtless not arise on the next trial it is needless to discuss it.

Charges 5, 6 and 9, given for the state were correct. *Prater v. State,* 107 Ala. 26.

Charge 3, given for the state was proper.—*Smith v. State,* 118 Ala. 117. Charge 10 was correct.

Charge 5 requested by defendant was properly refused.—*Stone v. State,* 105 Ala. 60. Charge 6 is a mere argument intended to answer the solicitor.—*White v. State,* 133 Ala. 222.

Charge 9 for defendant was a mere argument. Charge 12 is bad.—*Liner v. State,* 124 Ala. 1.

Charge 16 is bad. It is true that if death ensued and the defendant was only guilty of manslaughter, that he would not be guilty of an assault with intent to murder where death did not ensue. But the charge refers a question of law to the jury and left it to them to define what is manslaughter in the first degree.

Charges 17 and 18 were properly refused.—*Scales v. State,* 96 Ala. 69. Charge 20 is bad.—*Bush v. State,* 136 Ala. 85.

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J. J., concurring.