# Rhodes *v.* The State.

### *Violating Prohibition Law.*

(Decided Feb. 1, 1912. Rehearing denied Feb. 22, 1912.
57 South. 1021.)

1. *Criminal Law; Voluntary Intoxication; Defense.*—Voluntary intoxication is not a defense to crime unless it results in insanity or renders the person committing the crime incapable of entertaining the specific intent essential to the commission of the offense, and where no specific intent is essential, it cannot operate as a defense.

2. *Same.*—No specific intent is essential to the commission of the offense of violating the prohibition laws, and hence, the fact that the defendant was intoxicated when he sold the liquor was no defense.

APPEAL from Henry Circuit Court.

Heard before Hon. MICHAEL SOLLIE.

Joe Rhodes was convicted of violating the prohibition law and he appeals. Affirmed.

H. L. MARTIN, for appellant. Selling has a well known meaning from a legal standpoint.—*Coker v. The State,* 91 Ala. 94; *Clark v. The State,* 167 Ala. 102; 127 Ala. 579. Under these authorities, Rhodes was incapacitated to make the sale or to make any other contract on account of his extreme intoxication, and hence, the court erred in refusing the charges requested.— *Whitney v. The State,* 115 Ala. 72. The statute is penal and cannot be extended to embrace a case like this one.—91 Ala. 94.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Drunkenness is not a defense to crime unless the perpetrator is thereby rendered insane or incapable of forming an intent, and where no intent is essential, it cannot

[Rhodes v. The State.]

be an excuse.—*Chatom v. The State,* 92 Ala. 47; *Spring-field v. The State,* 96 Ala. 81; *Whitten v. The State,* 115 Ala. 72; *Fielding v. The State,* 135 Ala. 56. The court properly denied the right of the witness to testify that the defendant was so drunk he didn't know what he was doing.—*Armor v. The State,* 63 Ala. 170; *White v. The State,* 103 Ala. 72.

PELHAM, J.—While the proposition is presented in several ways, as by the courts rulings on the admissibility of evidence set up in one of the defendant's showings for an absent witness, and by differently worded written charges requested by the defendant, the only question presented for our consideration is whether voluntary drunkenness can be set up as a defense to the crime of selling liquor in violation of the prohibition laws.

The defendant was charged with having sold spirituous, vinous, or malt liquors contrary to law, and on the trial the state proved by a witness that the defendant sold him a quart of whiskey, for which he paid the defendant $1.50. The defendant testified that he was drunk on the occasion testified to by the state's witness, and did not remember anything about it; that he had been drinking heavily prior to the time in question, and did not remember and would not say whether he sold the whiskey or not, as he had no recollection of what happened during the time he was drunk, and did not even remember having seen the state's witness on the occasion testified to by him. The state's witness testified that the sale took place on a certain Sunday morning at the defendant's house, and that the defendant appeared to have been drinking. "He looked like he had drank two or three drinks." One of the written charges, requested by the defendant and refused by the

court, directly presents the question, and is as follows:
"(2) The presumption in this case is that the defend-
ant is innocent until the state has proven beyond all
reasonable doubt that he is guilty; and if the jury has
a reasonable doubt, growing out of all the evidence, as
to whether he was sufficiently sober to make a contract
of sale of the whiskey, then the jury cannot convict
the defendant for the unlawful selling of whiskey."

It is a well settled general rule of law that voluntary
drunkenness at the time of the commission of a crime
is no defense. If a person through his voluntary act
drinks to intoxication, and while in that condition com-
mits an act which would be a crime were he sober, he
is held legally responsible, unless his drunkenness had
resulted in insanity, or rendered him incapable of en-
tertaining the specific intent which is the essential in-
gredient of the crime. That this is the established rule
in this state, and that voluntary drunkenness as a de-
fense has not been extended beyond the limitations ex-
pressed, is made irresistible by a consideration of a long
line of decisions by the Supreme Court.—*State v. Bul-
lock,* 13 Ala. 413; *Mooney v. State,* 33 Ala. 419; *Beas-
ley v. State,* 50 Ala. 149, 20 Am. Rep. 292; *Hill v. State,*
62 Ala. 168; *Ross v. State,* 62 Ala. 224; *Tidwell v. State,*
70 Ala. 33; *Ford v. State,* 71 Ala. 385; *Williams v.
State,* 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133; *Par-
sons v. State,* 81 Ala. 594, 2 South. 854, 60 Am. Rep.
193; *Gunter v. State,* 83 Ala. 96, 3 South. 600; *Morri-
son v. State,* 84 Ala. 405, 4 South. 402; *Walker v. State,*
85 Ala. 7, 4 South. 686, 7 Am. St. Rep. 17; *Cleveland
v. State,* 86 Ala. 1, 5 South. 426; *Carter v. State,* 87 Ala.
113, 6 South. 356; *Engelhardt v. State,* 88 Ala. 100, 7
South. 154; *King v. State,* 90 Ala. 616, 8 South. 856;
*Fonville v. State,* 91 Ala. 39, 8 South. 688; *Walker v.
State,* 91 Ala. 79, 9 South. 607; *Springfield v. State,* 96

Ala. 81, 11 South. 250, 38 Am. St. Rep. 85; *White v. State,* 103 Ala. 72, 16 South. 63; *Whitten v. State,* 115 Ala. 72, 22 South. 483; *McLeroy v. State,* 120 Ala. 274, 25 South. 247; *Fielding v. State,* 135 Ala. 56, 33 South. 677; *Gater v. State,* 141 Ala. 10, 37 South, 692; *Brown v. State,* 142 Ala. 287, 38 South, 268; *Laws v. State,* 144 Ala. 118, 42 South. 40; *Heninburg v. State,* 151 Ala. 26, 43 South. 959; *Heninburg v. State,* 153 Ala. 13, 45 South. 246.

Voluntary drunkenness is no defense to a prosecution for crime not requiring proof of specific intent as a necessary ingredient of the offense.—*Fielding v. State,* 135 Ala. 56, 33 South. 677; *Whitten v. State,* 115 Ala. 72, 22 South. 483; *Springfield v. State,* 96 Ala. 81-86, 11 South. 250, 38 Am. St. Rep. 85; *Chatham v. State,* 92 Ala. 47, 9 South. 607; *Cleveland v. State,* 86 Ala. 1, 5 South. 426; *Ford v. State,* 71 Ala. 385. The offense for which the defendant was indicted and on trial did not involve specific intent as an essence of the crime or necessary ingredient of the charge, and as voluntary drunkenness or intoxication has never been recognized by our Supreme Court as an excuse, palliation, or defense for the commission of any crime, but only that it may sometimes operate to rebut the existence of malice, so as to reduce the grade of the homicide or other crime, or to negative the specific intent requisite to make out certain offenses, we are unwilling to extend the rule to a case where the offense, although requiring proof of a sale, which in a sense embraces proof of a contract, does not include proof of specific intent as an element of the offense.

The case cited by appellant (*Whitten v. State,* 115 Ala. 72, 22 South. 483), from which the refused charges were "substantially copied" is not inharmonious with the other authorities cited, or the general rule as stated

by us, but, on the contrary, strictly in line with the other cases. The charge in *Whitten's Case, supra,* is limited to the sobriety of the defendant at the time of the alleged assault "to *form the specific intent to ravish.*" The court in that case holds that the charge should have been given, because it was necessary in that case (assault with intent to ravish) to prove that the defendant entertained the specific intent charged. And the court say in the opinion in that case: "Mere drunkenness does not excuse or palliate the offense, but it may produce a state of mind which incapacitates the party from forming or entertaining a *specific intent.*" (Italics ours.)

The rulings of the trial court in refusing to allow proof of the defendant's drunkenness as an excuse or defense to the charge of selling whiskey in violation of law, and in refusing written charges instructing the jury to acquit based on that defense, are free from error, and the case will be affirmed.

Affirmed.

*Violating Prohibition Law.*

