# Beiser *v.* The State.

*Violating Prohibition Law.*

(Decided November 20, 1913.  63 South. 685.)

*Intoxicating Liquors; Elements; Evidence.*—Intent is not an ingredient of the offense of violating the prohibition law, and hence, the fact that defendant had bought the liquor which he sold as cider under a guarantee that it did not have any alcohol in it, would not relieve him if in fact it was whisky, and hence, was properly excluded.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

William Beiser was convicted of violating the prohibition law, and he appeals.    Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, for the State.

THOMAS, J.—The defendant was convicted of a violation of the prohibition statutes.

A witness for the state testified without objection that he bought two quarts of whisky from the defendant, paying $1.25 for each, and naming the time and place, which was within the county and time covered by the indictment.   Another witness for the state, who was within 75 yards of the parties at the time, testified to seeing the sale and purchase and to subsequently drinking with the purchaser some of the whisky from the bottle. The only other witness for the state testified that he did not see the purchase, but did see the purchaser when he went off up the road towards defendant's store, and that shortly thereafter the purchaser came back down the road with a sack, in which were the bottles of whis-

ky, and that witness also drank some of it, and that it was whisky. The defendant, as a witness for himself, testified to the effect, which we quote as follows from the bill of exceptions: "That if he sold anything at all to Thomas Jenkins [referring to the state's witness to whom the state's evidence showed the sale was made] on that day it was cider; that he did sell cider in his store." Here the defendant's counsel asked defendant this question: "Was that cider sold to you under a guaranty to you that it did not have any alcohol in it?" The court sustained an objection by the state to the question, to which defendant excepted. This action of the court was free from error.

The state's witnesses testified positively, as seen, that what defendant sold the witness Jenkins was whisky. If the jury believed it was, it was then entirely immaterial whether it was sold by defendant under the name of cider or otherwise, if it in fact either was whisky or contained as much as one-half of 1 per cent. of alcohol or more.—Acts Sp. Sess. 1909, p. 8. In such event, a guaranty made to defendant by the persons from whom he bought the beverage that it contained no alcohol would not relieve him of his violation of the law in selling it to others; confessedly not, if he knew, notwithstanding such guaranty, that it (the beverage) was in fact either whisky or contained alcohol in prohibited quantities at the time he sold it; and he is likewise guilty whether he knew the fact or not, since it is the fact of a sale of the prohibited articles and not the intent with which the sale is made that is denounced by the statute.—*Compton v. State,* 95 Ala. 27, 11 South. 69; *Carl v. State,* 89 Ala. 93, 8 South. 156; *Rhodes v. State,* 3 Ala. App. 182, 57 South. 1021; 23 Cyc. 184.

There are several other exceptions found in the record, but they are unimportant, not discussed in brief,

and are so clearly without merit as to make a discussion of them by us unnecessary. We find no error in the record, and the judgment of conviction is affirmed.
Affirmed.