# Crane *v.* The State.

## *Assault and Battery.*

(Decided May 12, 1914.   Rehearing denied June 3, 1914.
65 South. 301.)

1. *Bills of Exceptions; Establishment; Statute.*—Section 3021, Code 1907, confers on appellate courts power to establish a bill of exceptions only when a correct bill has been duly and seasonably presented to the trial judge, and he has failed or refused to sign it.

2. *Same.*—Construing section 3019, and 3022, Code 1907, it is held that proof that the trial judge was out of the state during the last 30 days of the time which appellant had for presenting the bill of exceptions without evidence that the bill of exceptions was in existence within ninety days from the date of the entry of the judgment, was not sufficient to show that the judge's absence from the state was the sole cause of appellant's failure to present the bill, and have it signed by the trial judge, and was therefore not sufficient to confer jurisdiction on the apellate court to establish the same.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Bartley Crane was convicted of assault and battery, and he appeals.   Motion to establish bill of exceptions denied, and the judgment of the lower court affirmed.

[Crane v. The State.]

MIDDLETON, DENSON & REYNOLDS, for appellant. The court erred in the portion of the oral charge excepted to, such charge being upon the effect of evidence.—Sec. 5362, Code 1907, 62 South. 996; 106 Ala. 23; 64 Ala. 240. Counsel discuss motion to establish bill of exceptions, but without citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—The evidence offered in support of the application of the appellant for the establishment of his bill of exceptions does not show the existence of a state of facts which, under the statutes governing this matter, confers upon this court the power to grant such an application. "Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards."—Code, § 3019. Sections 3021 and 3022 of the Code specify the circumstances in which a bill of exceptions may be established in this court. The former of these sections provides for this being done "if the judge fail or refuse to sign a bill of exceptions, the point of decision and the facts being truly stated." Plainly the power conferred on this court by this section is dependent upon there having been a failure or refusal of the trial judge to sign a correct bill of exceptions duly and seasonably presented to him. There is no default on his part unless there has been such presentation to him.

The power conferred by the other section (3022) exists only "if the judge dies, resigns, or is impeached, or his term of office expires, or if from other good cause he does not sign a bill of exceptions duly presented to him within the proper time." The evidence offered in

support of the application in the instant case does not show that the trial judge has failed or refused to sign a bill of exceptions duly presented to him, or that he has died, resigned, or been impeached, or that his term of office has expired. It shows merely that he was out of the state during the last 30 days of the time the appellant had for presenting his bill of exceptions. It does not show that the bill of exceptions was in exist-ence within 90 days from the day on which the judgment was entered. For anything that is shown the failure duly to present the bill of exceptions may as well be attributed to its nonexistence during all of that time as to the absence of the judge from the state during part of the time. The judge's absence from the state cannot be assigned as the sole cause of a failure to present a bill of exceptions which was not in existence during the period of his absence.

There is no statute which confers upon an appellant who has failed to do what is required of him to obtain a bill of exceptions the right to proceed in the appellate court for the establishment of it.—*Fonville v. State,* 91 Ala. 39, 8 South. 688. The evidence offered by the appellant fails to show that within the time allowed for presenting a bill of exceptions he had a correct one prepared, and that without fault on his part he was deprived of the opportunity of presenting it. We do not undertake to decide the question whether or not an appellant so situated has a right to proceed in this court for the establishment of his bill of exceptions, as the facts of the case at bar do not present that question for decision. The application of the appellant for the establishment of his bill of exceptions is denied, because of his failure to prove that any bill of excepitons was in existence during the time allowed for its presentation. Without a showing that the bill

of exceptions was in existence within 90 days from the day on which the judgment was entered, we cannot find that a failure to present it to the trial judge within that time was due to his absence from the state, rather than to the failure of the appellant to have it prepared and ready for presentation within the time allowed by law.

There is no error in the record proper. Motion to establish bill of exceptions overruled, and affirmed