# Christian v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Confession; when shown to be voluntary.*—On a trial under an indictment for an assault with intent to murder, it was shown that the defendant was arrested by three or four armed

[Christian v. The State.]

men in a house where there were several other people. One of the posse said to the defendant, calling him by name, "We have come after you." The defendant asked "What for?" The officer stated that he knew what for. That thereupon the defendant replied: "Yes, for shooting George Willis [the man alleged in the indictment to have been assaulted]. I did it," and further stated where he was standing at the time he shot said Willis. *Held*: That there was shown to be no promise or threats made to induce or coerce the defendant to make such confession; and that, therefore, there was no error in admitting such testimony.

2. *Assault with intent to murder; charge of court to jury.*—On a trial under an indictment for an assault with intent to murder, where it is shown that the assault was committed with a shot gun, and that at the time of firing the shot gun the defendant was standing twenty or twenty-five feet from the person assaulted, a charge is erroneous and properly refused which instructs the jury that "unless the jury are satisfied from the evidence beyond a reasonable doubt that the gun testified as the gun used by the defendant loaded with number six shot, fired at the distance of twenty steps, as testified in this case, was capable of producing the death of George Willis at the time the gun was fired, they can not find the defendant guilty of an assault with intent to murder."

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

The appellant in this case, Joe Christian, was indicted, tried and convicted for an assault with intent to murder one George Willis, and was sentenced to the penitentiary for twenty years. The evidence relating to the confession made by the defendant is shown in the opinion.

The evidence for the State tended to show that the said Willis was shot while he was sitting in his door, and it was further shown that the gate where the defendant said he was standing when he shot George Willis was twenty or twenty-five steps from where George Willis was sitting at the time he was shot.

The charge requested by the defendant, to the refusal to give which the defendant separately excepted, is copied in the opinion.

W. A. COLLIER, for appellant.—The court erred in refusing to give the charge requested by the defendant. *Mullins v. State*, 45 Ala. 43.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—It affirmatively appeared that no promises or threats were made to the defendant to induce or coerce him to a confession. All that occurred bearing upon the character and fact of the confession received in evidence was this: Three or four armed men in quest of the defendant to arrest him came upon him in a house where there were several other people. One of the posse said to defendant: "Joe, we have come after you." Defendant answered: "What for?" The officer said: "You know what for." The defendant replied: "Yes; for shooting George Willis.  *  *  *  I did it," and he said further that he "was standing at George Willis' gate when he shot him." And these statements of the defendant constitute the confessions which were admitted against defendant's objection. Clearly there was no error in receiving this testimony.—1 Mayfield's Dig., 209-11.

The only other ruling presented for review is the refusal of the court to give the following charge: "The court charges the jury that unless the jury are satisfied from the evidence beyond a reasonable doubt that the gun testified as the gun used by the defendant loaded with number six shot, fired at the distance of twenty steps, as testified in this case, was capable of producing the death of George Willis at the time the gun was fired, they cannot find the defendant guilty of assault with intent to murder." Leaving out of view some minor infirmities, each sufficient in itself to condemn this charge, it will suffice to say that assuming the assault with a gun within its carrying distance it cannot be the law that guilt or innocence of the aggravated assault charged in this indictment turns upon the inquiry whether the weapon employed was potent to the effectuation of the murderous design of the defendant. To say the most, an apparent adaptation of the means to

the end is all thait the jury need find in such case, and to say the least there is an apparent deadly potency in any ordinary gun, charged with number six shot, at twenty steps.—*Mullens v. State,* 45 Ala. 43.

Let the judgment be affirmed.