# Creagh *v.* The State.

## *Murder.*

(Decided Feb. 14th, 1907. 43 So. Rep. 112.)

1. *Criminal Law; Instructions Covered by Instructions Given.*—It is not error to refuse instructions which are substantially covered by requested instructions already given.

2. *Same; Reasonable Doubt.*—A well founded doubt is the same as a reasonable doubt.

3. *Homicide; Instructions; Imminent Danger.*—A charge asserting that if the jury believe from the evidence that the defendant was being attacked by E. with a bar of iron, and that he was attacked by deceased with a razor, without fault on defendant's part, or that he was attacked by deceased while he was being assaulted with a deadly weapon by another, then the jury must acqiut him, failing to hypothesize iminnence of danger to life or limb, was erroneous and properly refused.

4. *Same; Degree of Offense; Sufficiency of Instruction.*—An instruction asserting that if the jury believe from the evidence that the killing grew out of a difficulty that started in the house after defendant went into the house, or that the killing grew out of a difficulty that started in the house, then they could not find defendant guilty of any offense higher than manslaughter, pretermitting all inquiry as to who brought on the difficulty that led to the killing, was erroneous and its refusal proper.

5. *Criimnal Law; Trial; Instructions; Province of Court and Jury.*—It is not error to refuse to instruct the jury that they could consistently reconcile the statements of certain witnesses, as to confessions made by defendant to them that he cut deceased, with his innocence, as it is invasive of the province of the jury.

APPEAL from Clarke Circuit Court.

Heard before Hon. S. H. SPROTT.

The defendant was indicted, tried, and convicted for killing Callie Cleveland by cutting her with a knife or other sharp instrument to the grand jury unknown. The evidence for the prosecution tended to show that early one morning in the year 1904 the deceased was at the

[Creagh v. The State.]

house of defendant, and that she left there with her
throat cut from ear to ear, from the effects of which she
died a few minutes after reaching home; that deceased
went to defendant's house early that morning, and while
there a difficulty occurred between defendant and an-
other woman, Evaline Jones, a sister of deceased, and
in the difficulty deceased was cut by defendant. Evaline
Jones testified that she and deceased were at defendant's
house, where witness lived, and that in a difficulty be-
tween witness and defendant witness was cut in three
places by defendant, and that after she was cut she pick-
ed up an iron rod, but did not know whether she threw
it at defendant in the house or out in the yard, where it
was found. There was evidence of confessions made by
the defendant that he cut deceased, and that she and
Evaline Jones were attacking him with a rod of iron and
a razor when he did the cutting. There was also evi-
dence of flight of defendant. It was shown that no marks
or other signs of a cut were seen on the clothes defendant
said he had on at the time of the difficulty. The evidence
for the defendant tended to show that the women came
over to his house, and that Evaline Jones began to take
the clothes off his bed, when he attempted to stop her,
and she attacked him with a rod of iron, and hit him
several times, whereupon he took up a knife off of the
table and cut her, and then deceased attacked him with
a razor, cutting him about the arm and back, an 1 that
he threw back his arm with the knife in his hand, but,
if he cut deceased, he did not know it.

The following charges were requested by the defend-
ant, and refused by the court: "(2) The court charges
you, gentlemen of the jury, that if the evidence, or any
part thereof, after a consideration of the whole of such
evidence, generates a well-founded doubt of the defend-
ant's guilt, the jury must find defendant not guilty. (a)
The court charges the jury that if they believe from the
evidence that at the time of the killing the de-
fendant was being attacked by Evaline Jones
with a bar of iron, and that he was not at
fault in bringing on the difficulty, then you must ac-
quit him. (3) If the jury believe from the evidence that
the defendant, without fault on his part, was being at-

[Creagh v. The State.]

tacked by Evaline Jones with a bar if iron, and that deceased attacked him with a razor, then you must acquit him. (4) The court charges the jury that if they believe from the evidence that the defendant was being attacked by Evaline Jones with a bar of iron, without fault on his part, and the deceased went in and joined in the attack, then you must acquit the defendant. (5.) If the defendant was free from fault in bringing on the difficulty, and the deceased voluntarily attacked him while he was being assaulted with a deadly weapon by another, then you must acquit him. * * * (7) If the jury believe from the evidence that the killing grew out of a difficulty that started in the house, after the defendant went into the house after speaking to Charlie Daniel in the yard, then you cannot find him guilty of any higher offense than manslaughter. (8) If the jury believe from the evidence that the killing grew out of a difficulty that started in the house, then you cannot find him guilty of any offense higher than manslaughter. * * * (11) The court charges the jury that they can consistently reconcile the statement of the witnesses Marshall and Jewett, as to the confession made by the defendant to them that he cut the deceased, with the defendant's innocence."

Defendant was convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a term of 25 years.

W. D. DUNN, and WILSON & ALDRIDGE, for appellant. —No brief came to the reporter.

MASSEY WILSON, Attorney General, for State.— Charge 2 is substantially the same as given charge 3. A well founded doubt is a reasonable doubt. Charge 2A, 3 and 4 are criticized but no authorities cited. Charge 5 fails to hypothesize ability to retreat and necessity to kill.—*Mitchell v. The State*, 133 Ala. 65. The Attorney General criticizes the other charges but cites no authority.

[Logan v. The State.]

HARALSON, J.—The only questions presented, arose out of the refusal by the court to give certain written charges.

Charge 2 was not improperly refused. It is substantially the same as given charge 3. A well founded doubt is the same as reasonable doubt.—*Turner v. State,* 124 Ala. 59, 27 South. 272; *Stewart v. State,* 133 Ala. 109, 31 South. 944.

Charges 3, 4 and 5 are bad. They fail to hypothesize imminent danger to life or limb.

From aught appearing in charges 7 and 8, the defendant may have brought on the difficulty that led to the killing.

Charge 11 invades the province of the jury, in that it instructs the jury "that they can consistently reconcile the statement of the witnesses Marshall and Jewett."

There was no room for the general charge for defendant. There was evidence tending to prove every element of the offense charged. No error appears.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.