# Heningburg *v.* The State.

### *Murder.*

(Decided Dec. 19, 1907.　45 South. 246.)

1. *Criminal Law; Confessions; Predicate.*—Where the evidence showed that deceased was found lying on the floor and defendant sitting by her, and that when the deputy sheriff came in the defendant said, "Well, I know what you have come for and I'm ready to go," such declaration was admissible without the laying of a predicate therefor.

2. *Homicide; Dying Declarations; Predicate.*—As a predicate for the admissions of dying declarations it was competent for the physician who attended the deceased to state what her condition was at the time of such dying declarations.

3. *Same; Written Declarations.*—The declaration of the deceased as to who shot her was reduced to writing just after her statement to the physician that she was going to die. Held, such writing, which was signed by deceased, was admissible as dying declarations.

4. *Evidence; Opinion Evidence; Intoxication.*—A physician who was shown to be familiar with the characteristics of drunkenness may testify that he considered a certain person was or was not drunk.

5. *Same; Conclusion.*—Questions as to whether a person was in his right mind and whether he acted like a crazy man are properly disallowed as calling for a conclusion.

6. *Same; Materiality.*—It is immaterial how long the defendant and deceased had been married, in a prosecution against the husband for killing the wife.

7. *Homicide; Relevancy of Evidence; Insanity.*—It was not prejudicial to defendant, whose plea was insanity from drunkenness, for a witness to state that defendant was pleasant to his family, except when drunk, and that when drunk he would raise a fuss with them, and that he did so when witness went home with him, the latter clause being admissible on the issue of drunkenness.

8. *Criminal Law; Misleading Instructions; Duty to Request Explanatory Charges.*—It is harmless error to give an instruction which correctly states the law, although abstract, and if its tendencies are considered misleading it is the duty of the party against whom given to ask instructions explanatory thereof.

9. *Homicide; Instructions.*—A charge asserting that a pistol is a deadly weapon from the use of which, in the absence of rebutting testimony, malice will be presumed, and that when the killing is malicious no conviction can be had for a less offense than murder, correctly states the law.

APPEAL from Mobile City Court.

Heard before Hon. O. J. Semmes.

Antwine Heningburg was convicted of murder in the second degree, and he appeals. Affirmed.

See 151 Ala. 26, 43 South. 959.

The facts are sufficiently stated in the opinion of the court. The following part of the oral charge was excepted to by the defendant: "There has been much evidence in the case on the subject of drunkenness, and also as applicable to insanity; and the court will charge you on that to this effect: Two conditions may be produced by drunkenness—the first where the memory and the discretion are affected by mere intoxication as such, and where the mind becomes clear and normal as soon as the active influence of the intoxicant passes off. This would not amount to insanity, but would be drunkenness. The second aspect of drunkenness is mental unsoundness brought on by excessive drinking, which unsoundness remains after the intoxication has subsided, and this would be insanity, and not mere drunkenness."

The court gave the following charges for the state: "(1) The court charges the jury that the weapon used

in this case was a deadly weapon. (2) Unless the evidence which shows the killing, or some other evidence in the case, rebuts the presumption, malice is presumed from the use of a deadly weapon in effecting the killing. (3) When the killing is malicious, there can be no conviction of any offense less than murder."

McALPINE & ROBINSON, for appellant. The court erred in permitting the testimony of Dr. Jones, as to statements made by Mr. Delebar.—*State v. Spillars,* 29 South. 480; *State v. Miller,* 32 Atl. 137. Counsel discuss other assignments of error but cite no authority.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err in permitting testimony of the confession.—*Christian v. The State,* 133 Ala. 109; *Bush v. The State,* 136 Ala. 85. Witness was rightly permitted to say that he did not consider the plaintiff drunk.—*Dozier v. The State,* 130 Ala. 57; *Parrish v. The State,* 139 Ala. 16; 14 Cyc. 1095, note 37. The questions to which objections were sustained called for conclusions.—*White v. The State,* 103 Ala. 72; *Hill v. The State,* 137 Ala. 66. The charges on the request of drunkenness were correct.—*Cleveland v. The State,* 86 Ala. 1; *Englehart v. The State,* 88 Ala. 100; *Fonville v. The State,* 91 Ala. 39. The three charges given at the request of the solicitor were proper.—*Hornsby v. The State,* 94 Ala. 55; *Clark v. The State,* 105 Ala. 91.

HARALSON, J.—The defendant was indicted for the murder of his wife, Florence, and was tried for murder in the second degree. On a former trial he was convicted of murder in this degree, and on this trial, the plea of acquittal of murder in the first degree was confessed, and he was tried, as stated, for murder in the lower de-

gree. He was convicted thereof, and sentenced to the penitentiary for twenty years. He pleaded not guilty, and not guilty by reason of insanity. The evidence tended to show that defendant shot his wife while he was intoxicated from the use of whiskey. It also tended to show that he was not insane at the time, but was merely drunk, and killed her by shooting her with a pistol.

Dr. P. R. Jones was examined by the state, and stated, that he was called to see deceased on the night she was shot, the 6th of October, 1906, and found her suffering from a pistol shot wound in the right side of the abdomen, from a 38-caliber ball. Deputy Sheriff Delabar was present. The doctor stated that, when he reached the house, the deceased was lying on the floor and defendant was sitting by her side; that when he and the deputy sheriff went in, defendant did not say anything to him the (doctor) but made a remark to the deputy sheriff, which was, "Well, I know what you come for, and I am ready to go." The defendant moved to rule out what defendant said to the deputy sheriff, because irrelevant, immaterial, illegal and incompetent, and because no predicate had been laid therefor, which objections were overruled by the court.

The ground of the objections, as urged by counsel for defendant, was that the remark of defendant was a confession of having shot his wife, and no predicate had been laid for it. While, as a general rule, the admissibility of a confession as having been made voluntarily is determined on preliminary examination by inquiry made to ascertain whether the same was voluntary or involuntary, this is not the only way in which it may be ascertained by the court whether it was voluntary or not. When the facts and circumstances under which the confession was made affirmatively show that there were no improper influences proceeding from the person to whom

they were made, or from any other person, or from the circumstances surrounding the defendant at the time they were made, such confessions are prima facie voluntary and admissible. The attendant circumstances at the time of the alleged confession, the character of the conversation in which the confession is made, the relation of the parties to such confession, may in themselves be sufficient to affirmatively show that there were no improper influences employed such as to excite either hope or fear. It has been well said, "In such a case it would be a useless formality for the court to ask the witness the ordinary preliminary questions, as to whether he made the defendant any promise, or made any threats, to induce the confession." Here, the defendant, of his own accord, made the remark he did to the deputy sheriff, without any influence being exercised over him to induce the confession. It must be held competent.— *Bush v. State,* 136 Ala. 85, 33 South. 878; *Christian v. State,* 133 Ala. 109, 32 South. 64.

The doctor was asked by the solicitor, "What was the condition of the deceased at the time?" of the alleged dying declaration. There was no error in allowing this question, as it is always necessary to prove the condition of deceased at the time of the alleged dying declaration, as a pr·dicate therefor. It was shown that she was in a condition where she would live only a few hours. Furthermore, she stated to the doctor, before making her declaration that she believed she was going to die. She said she knew she was going to die, and stated that her husband, the defendant, came home, cursing and abusing her, and she tried to leave the room two or three times, and he compelled her to come back, and the last time she turned around, when he caught and shot her. Before shooting her, she stated, he said that "we would

2 R

[Heningburg v. The State.]

both die together tonight." The declaration, afterwards reduced to writing and signed by the deceased, was properly admitted.

The doctor was asked by the state, what was defendant's condition as to being drunk or sober. He testified that he was familiar with the evidence of drunkenness, as he had seen drunken men as much as the ordinary man, he supposed. He testified he would not have considered him drunk. There was no error here.—*Parrish v. State*, 139 Ala. 18, 19, 36 South. 1012; *Dozier v. State*, 130 Ala. 57, 30 South. 396.

The witness, Joe Heningburg, son of the defendant, testified that he went into the room where his mother and the father were, and his father was in a drunken condition there. He was asked: "How much so? Did he show he had his right mind? Did he or not act like a crazy man?" These questions were objected to by the solicitor, and the objections were properly sustained. They called for the mere conclusion of the witness—*White v. State*, 103 Ala. 73, 16 South. 63; *Hill v. State*, 137 Ala. 71; 34 South. 406.

The defendant, on his examination, was asked by his counsel, "How long had you been married to your wife, Florence?" An objection by the state was properly sustained. It was immaterial to the issue how long he had been married.

The witness, Stark, for the state, on rebuttal testified that he had known the defendant for about 20 years, and had been in his house twice in that time. He was asked by the solicitor, "Do you know how he was with his family on these occasions?" The answer was, "He was always pleasant and agreeable, but when he was drunk, he would raise a fuss with them and did so when I went with him." The answer could have been of little if any weight for or against defendant; but the latter part of

the answer, concerning his attitude towards his family when drunk, was admissible, on the issue that defendant hims.lf had raised.   We discover no reversible error in the answer.

As an abstract proposition of law, we find no reversible objection to the part of the oral charge excepted to. However, it may have had a tendency to mislead the jury.   If so, the defendant could have protected himself against its misleading tendency by an explanatory charge.—*Fonville v. State,* 91 Ala. 40, 8 South. 688; *Engelhardt v. State,* 88 Ala. 100, 7 South. 154; *Parrish v. State,* 139 Ala. 16, 36 South. 1012.

Nor was there error in the three charges given for the state.—*Clark v. State,* 105 Ala. 91, 17 South. 37; *Hornsby v. State,* 94 Ala. 55, 10 South. 522; *Stillwell v. State,* 107 Ala. 16, 19 South. 322; *Compton v. State,* 110 Ala. 24, 20 South. 119.

Affirmed.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.