(81 South. 350)

METCALF v. STATE.    (6 Div. 542.)

(Court of Appeals of Alabama.    March 18, 1919.)

1. HOMICIDE ⬳179, 199—ASSAULT UPON DEFENDANT'S WIFE—EVIDENCE.

Where defendant, on learning of an assault upon his wife by deceased, armed himself, sought out deceased, and killed him, no element of self-defense was involved and no question as to aggression, so that details of assault were incompetent under plea of not guilty; the pertinent inquiry being whether defendant's knowledge of assault was reasonably calculated to provoke sudden passion and resentment causing the killing and reducing it to manslaughter, or to render him insane, as to which issues the details of the assault were immaterial.

2. WITNESSES ⬳405(1)—IMPEACHMENT—IMMATERIAL TESTIMONY.

In prosecution for homicide following defendant's knowledge of an assault upon his wife by deceased, where truth or falsity of details of assault were immaterial to defendant's mental condition at the time of homicide, the testimony of his wife as to the details could not be impeached by evidence contradicting her statement as to what occurred at time of assault.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Will Metcalf was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

The defendant was indicted for murder in the first degree. The pleas interposed were not guilty, and not guilty by reason of insanity.

M. L. Leith and George W. Powell, both of Jasper, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

SAMFORD, J. [1] On the trial of this case, the wife of the defendant, testifying in his behalf, related the details of a difficulty between herself and the deceased, which occurred on the morning of the day of the homicide, in which the deceased attempted to outrage her, and in the fight the deceased struck her several blows in the face, and otherwise injured her, and then left her. She further testified that when her husband (the defendant) came home from his work, about 5 o'clock of the same day, she showed him her injuries, told him the details as testified to and the name of the deceased. In rebuttal, the state, over the timely objection of the defendant, was allowed to offer testimony tending to contradict the wife's statement as to the details of the difficulty between the wife of defendant and deceased. The evidence in the case, and even the testimony of the defendant himself, is to the effect that, when the defendant learned of the assault made on his wife by the deceased, defendant armed himself, sought out the deceased, whom he found in a dance hall in Jasper, and when he found him he proceeded to kill him. There was therefore no element of self-defense involved in the trial, no question as to who brought on the difficulty, and hence the details of the mistreatment of defendant's wife by deceased was not competent evidence under the plea of not guilty. Gafford v. State, 122 Ala. 54, 25 South. 10; Thomas v. State, 150 Ala. 31–40, 43 South. 371; Angling v. State, 137 Ala. 17, 34 South. 846; James v. State, 167 Ala. 14–18, 52 South. 840; McWilliams v.

State, 178 Ala. 69, 60 South. 101. The pertinent inquiry was: What was the condition of the defendant's wife as a result of the assault when defendant got home and saw her, and what was told to him by his wife and others regarding the assault? These were the facts to be considered by the jury, along with the other evidence in the case, in passing upon the question as to whether the facts and circumstances coming to the knowledge ·of defendant were of such a character as were reasonably calculated to provoke sudden passion and resentment, and that the homicide was traceable solely to the passion thus engendered so as to reduce the killing from murder to manslaughter (McWilliams v. State, 178 Ala. 69, 60 South. 101); or whether the facts and circumstances as they came to the defendant were calculated to render the defendant insane, within the meaning of the law defining insanity. The question as to whether the true details of the difficulty between defendant's wife and deceased had been told defendant was not material to either of these issues.

[2] It is the mental condition of the defendant at the time of the homicide as effected by information coming to him, and upon which he acts, that is material. Rogers v. State, 117 Ala. 9, 22 South. 666. The truth or falsity of the details of the difficulty between defendant's wife and deceased not being material, it follows that the testimony of the wife could not be impeached by evidence contradicting her statement as to what occurred at the time she was beaten by the deceased. Crawford v. State, 112 Ala. 1, 21 South. 214. The trial court committed error in this particular, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.