(82 South. 625)

EVANS v. STATE. (7 Div. 597.)

(Court of Appeals of Alabama. June 30, 1919.
Rehearing Denied July 21, 1919.)

1. CRIMINAL LAW ⬤⟶996(2) — JUDGMENT—
CORRECTION—NUNC PRO TUNC.

A judgment reciting that the jury found
the defendant guilty of "assault to murder" was
properly corrected at a term of court subsequent
to its rendition nunc pro tunc, by referring to
the bench notes made at such former term of
court, which recited that the jury returned a
verdict of guilty of an assault with intent to
murder; the verdict of the jury having been
lost.

2. CRIMINAL LAW ⬤⟶786(3)—INSTRUCTIONS—
INTEREST OF WITNESS.

In a prosecution for assault with intent to
murder, a charge that "The defendant is inter-
ested in the result of the verdict of the jury,
and in weighing the evidence the jury may
consider his evidence in the light of his interest,
together with all the evidence in the case," was
misleading.

3. CRIMINAL LAW ⬤⟶825(1)—INSTRUCTIONS—
NECESSITY OF REQUESTS.

The giving of a misleading charge is not re-
versible error, because the other party can al-
ways protect himself from any misleading tend-
ency by explanatory charges.

4. CRIMINAL LAW ⬤⟶311, 570(2)—INSANITY—
PROOF.

A defendant charged with crime is presumed
to be mentally capable of forming the intent,
and any mental incapacity is a matter of de-
fense, which should be reasonably established
to the satisfaction of the jury to such an extent
as to raise a reasonable doubt of the defendant's
guilt.

5. CRIMINAL LAW ⬤⟶829(1)—REQUESTED IN-
STRUCTIONS.

It was not error to refuse requested charges
covered by given charges.

Appeal from Circuit Court, Cherokee Coun-
ty; W. W. Haralson, Judge.

Norman Evans was convicted of assault
with intent to murder, and he appeals. Af-
firmed.

The original record contained no judgment.
In response to the first certiorari, the clerk
of the trial court forwarded the judgment
containing the presently important words:

"We, the jury, find the defendant guilty of an
assault to murder as charged in the indictment.
It is therefore considered and adjudged by the
court that the defendant is guilty of an assault
to murder as charged in the indictment."

This judgment bears date July 30, 1918.
At a special session of the court convened on
April 1, 1919, the state moved the court to
amend the judgment nunc pro tunc, alleging
that the clerk made a mistake or clerical er-
ror in the said minutes and judgment, as is

shown by the memoranda or bench notes of
the court (setting out the judgment as above
set out).

It was agreed that the verdict returned by
the jury was lost and could not be found.
The bench notes were as follows:

"July 31, 1918, jury and verdict guilty of an
assault with intent to murder, notice of appeal
by defendant,"

—and the appeal bond. The objection inter-
posed was, briefly, that the term of the court
at which the judgment was rendered had ad-
journed prior to the date of the filing of the
application and prior to the date of the hear-
ing of same, that the recital of the minute
entry is the best evidence of the verdict of
the jury, and that the memoranda or bench
notes are insufficient to permit an amend-
ment to the verdict of the jury as shown by
the minute entry, and that the proceedings at
once contradict or vary the terms of the ver-
dict of the jury as shown by the minute
entry.

The following charge was given at the re-
quest of the state:

1. The defendant is interested in the result
of the verdict of the jury, and in weighing his
evidence the jury may consider his evidence in
the light of his interest, together with all the
evidence in the case.

The following is charge 4, refused to the
defendant:

The burden is on the state to convince you
beyond the reason of a doubt that the defendant
committed the offense as charged in the indict-
ment, and that at the time he was mentally ca-
pable of forming the intent; and if the state has
failed to so convince you, then you cannot con-
vict the defendant of an assault to commit mur-
der.

Charges 5 and 6 were charges on the pre-
sumption of innocence.

Hugh Reed, of Center, and Hood & Mur-
phree, of Gadsden, for appellant.
J. Q. Smith, Atty. Gen., and Horace Wil-
kinson, Asst. Atty. Gen., for the State.

BRICKEN, J. The record as originally
filed omitted the judgment of conviction.
Upon a return to the writ of certiorari, the
judgment as so certified disclosed that the
defendant was convicted for assault to mur-
der, omitting the recital that the assault was
with intent to murder. Thereafter the solicit-
or of the Ninth judicial circuit filed a motion
to amend the judgment nunc pro tunc. A
hearing was had on this motion on April 1,
1919, and granted. Thereafter an additional
writ of certiorari was issued from this court,
directed to the clerk of the circuit court of
Cherokee county, to certify to this court the
judgment in the cause as last amended, and
a return to this last writ has been made,

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

showing by the judgment as last amended that the defendant was convicted of assault with intent to murder.

The appellant, through his counsel, on the hearing of the motion to amend the judgment nunc pro tunc, filed certain exceptions to the sufficiency of the motion for the amendment. These objections were overruled by the court, and after the state had offered all of its evidence on the motion, the appellant made his motion to deny said motion to amend the judgment entry, which motion was overruled and appellant excepted.

[1] The state followed the proper rule in correcting and having entered the proper judgment based upon the bench notes made at a former term of the court. De Bardelehen v. State, 77 South. 979;[1] Harris v. Bradford, 4 Ala. 214; Glass v. Glass, 24 Ala. 468; Yonge v. Broxson, 23 Ala. 684; Cosby v. State (Sup.) 80 South. 803.[2] The various rulings of the trial court in the proceedings to amend the judgment nunc pro tunc were without error.

The only ruling of the trial court insisted upon by the appellant as being erroneous is the action of the court in the refusal of written charges 4, 5, and 6, and to the action of the court in giving at the request of the solicitor written charge No. 1.

[2, 3] Charge 1, as requested by the state, might have been well refused as being misleading. But the giving of a misleading charge is not reversible error, though it is always better practice to refuse them. Hammond v. State, 147 Ala. 79, 41 South. 761. Where charges are misleading, the other party can always protect himself from any misleading tendencies by explanatory charges. Heningburg v. State, 153 Ala. 13, 45 South. 246. It may be noted in this connection that Mr. Justice Mayfield, in the sixth volume of his Digest, at page 110, par. 141, has expressed the opinion that the rule should be different.

[4] Charge 4, requested by the defendant, is erroneous, in that it places the burden on the state to convince the jury beyond a reasonable doubt that the defendant was, at the time of the commission of the offense, mentally incapable of forming the intent. A defendant charged with crime is presumed to be mentally capable of forming the intent, and any mental incapacity is a matter of defense, which should be reasonably established to the satisfaction of the jury to such an extent as to raise a reasonable doubt of the defendant's guilt. Williams v. State, 13 Ala. App. 133, 69 South. 376; Gater v. State, 141 Ala. 10, 37 South. 692.

[5] Charges 5 and 6 were amply covered by given charges A and D.

We find no error in the record, and the judgment is affirmed.

Affirmed.