(135 So. 417)

**COBB v. STATE.**

1 Div. 970.

Court of Appeals of Alabama.

June 16, 1931.

C. L. Hybart, of Monroeville, and Hamilton & Jones, of Evergreen, for appellant.

Thomas E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted for the murder of Sterling W. Brown. The pleas were not guilty, and not guilty by reason of insanity. There was evidence tending to prove facts, to be considered by the jury, on the question of defendant's sanity at the time of the fatal shooting, from which they might infer that defendant was insane at the time he fired the fatal shot. Assuming that there was no direct evidence as to defendant's insanity, there was evidence of the attempted rape of defendant's wife by deceased; defendant's acts and doings immediately after being informed of the outrage; his own testimony on the trial and the jury's opportunity to observe him while on the stand. While the evidence on the defendant's plea of insanity may have been weak and inconclusive, none the less the court was not authorized to take the question from the jury. Metcalf v. State, 17 Ala. App. 14, 81 So. 350; Howard v. State, 172 Ala. 402, 55 So. 255, 34 L. R. A. (N. S.) 990. The jury should have been instructed as to the law of insanity governing the case, and the jury should then have been left to determine the plea. The following is taken from the bill of exceptions:

"The Court in its charge to the jury stated so far as his plea of insanity was concerned he has failed to establish his plea of not guilty by reason of insanity and therefore I will refrain from a discussion of that plea, and confine myself to a plea of not guilty. The Court further charges the jury 'now there has been quite a good deal said about the testimony of the wife of the defendant. As I have told you, the defendant, has failed to establish his plea of not guilty by reason of insanity and there is nothing tending to evidence under the facts in this case legal insanity and I charge you that that testimony as to the assault on his wife has no proper place for your consideration under the plea of not guilty. It doesn't matter how outrageous he may have felt or how outrageous the report which was made to him by his wife of the assault made upon her may have been,

360

that has no proper place for the consideration of this jury under the defendant's plea of not guilty.' Before the jury retired the defendant excepted to the above portion of said charge as follows: We except to the Court's general charge in refusing to charge the jury on insanity under defendant's plea of not guilty by reason of insanity, and except to the Court's charging there was no evidence in the case to support said plea. Also, we except to that part of the Court's oral charge to the effect that the report of defendant's wife to him the transaction of the attempt to rape her or how the defendant had mistreated her would have no place for the jury's consideration under the defendant's plea of not guilty. Also, we except to that part of the Court's oral charge, the statement by the Court that he would not charge on the law of insanity under the defendant's plea of insanity that the defendant failed to carry his burden and failed to establish his plea of insanity."

Under section 9507 of the Code of 1923, the trial judge may state to the jury the law of the case and may also state the evidence when the same is disputed, but shall not charge on the effect of the testimony unless required to do so by one of the parties. Two of the excerpts from the court's oral charge violated this rule. Andrews v. State, 159 Ala. 14, 48 So. 858; Dunn v. State, 8 Ala. App. 410, 62 So. 996; Mayer v. ·Thompson-Hutchison Bldg. Co., 116 Ala. 634, 22 So. 859.

■ There was also evidence in the case tending to establish self-defense. This being so, it was error for the court to instruct the jury not to consider the evidence tending to · prove the assault to rape on defendant's wife on the morning of the killing and just a few hours prior thereto. This question is fully discussed in Gafford's Case, 122 Ala. 54, 25 So. 10. Since the ruling in the Gafford Case, the rule there stated has been considered settled in this state.

■ There is a statement of the clerk appearing in the record preceding a number of charges, which is as follows:

"The defendant requested in writing the following charges on which the trial Judge endorsed, as follows: 'refused, J. S. Williams, Judge,' and the same were not read to the jury, but refused."

This is not a compliance with the rule as declared by our Supreme Court. Charges refused must be marked refused and signed by the presiding judge. Batson v. State, 216 Ala. 275, 113 So. 300.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.