141 So. 717

## LASHLEY v. STATE.

### 4 Div. 833.

Court of Appeals of Alabama.

May 10, 1932.

C. L. Rowe, of Elba, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was convicted for having in his possession one pint bottle full of whisky and a pint bottle partially full which the sheriff found "sticking down in the cushion" of an automobile in which defendant had been riding. The bottle full of whisky was taken from the car by the sheriff and labeled with defendant's name. The other bottle was also taken out but was not produced on the trial. The car was not in possession of defendant, and he had no interest therein, and there was no evidence that defendant knew the whisky was in the car or that he ever had anything to do with it, other than the circumstances of his presence in the car and the fact that he was seen drinking from a bottle at the side of the car while it was stopped in the road. There was no reason why the sheriff labeled the bottle with defendant's name other than his conclusion that it belonged to defendant. Wesley Ham was the owner of the car, was in possession of it and driving, and this defendant was only a passenger. There being no testimony tending to connect defendant with the possession of the whisky, other than the conclusion of Sheriff 'Lightner, who labeled his conclusion on the bottle, and, over the objection and exception of defendant, passed it on to the jury, the defendant was entitled to the general charge.

It was also error for the court to allow the label placed on the bottle by the sheriff to remain on the bottle when it was introduced in evidence. This was only the conclusion of the sheriff, not admissible, and introduced in such way as to be hurtful to the defendant's cause.

There was no error in the form of the verdict given by the court to the jury. If the defendant desired an instruction under section 5286 of the Code of 1923, he should have requested the court to so instruct them. In the absence of a refusal of the court to give such a charge, no error will be imputed.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.