22 So.2d 111

## PINKERTON v. STATE.

### 6 Div. 119.

Court of Appeals of Alabama.

Jan. 23, 1945.

Rehearing Denied Feb. 13, 1945.

Reversed on Mandate May 8, 1945.

Pennington & Tweedy, of Jasper, for appellant.

116

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant was tried by a jury and convicted of violating the prohibition law.

The evidence is without conflict that the officers found, near the home of appellant, a box containing thirteen pints of whiskey and apricot nectar. The officers, as witnesses for the State, testified appellant had the box, with its contents, in his arms when apprehended. Defendant admitted being in close proximity to the box at the time the officers approached him, but denied that he had it in his possession either actually or constructively.

Before entering into the trial, appellant moved for a continuance of the case for the reason he had not had sufficient time nor opportunity to prepare for trial. In support of the motion, Mr. Pennington, appellant's attorney, stated to the court that the defendant came to his office for the first time about 5 P. M. Tuesday preceding Thursday—the day the case was finally set—and stated he had a lawyer, but his lawyer had to enter the army on Wednesday or Thursday following and could not appear at the trial. Mr. Pennington was confined to his bed all day Wednesday on account of illness. No other reason was stated or otherwise made known on the application for a continuance.

The instant case was instituted by affidavit and warrant dated July 24, 1943, on which day appellant was arrested and made bond. He was convicted on the charge in the county court, August 2, 1943. He filed an appeal bond to the circuit court on the same day. The date of his conviction in the circuit court is February 24, 1944.

On the hearing of the motion for a continuance in the circuit court, the trial judge stated: "That this case has been on the docket several months; that the case was set originally for trial on Wednesday of this week, February 23rd, and the Defendant's attorney appeared before the Court February 21st and stated that he could not be here on the 23rd and it was agreed that the case would be passed by the Court, and the Solicitor and the Defendant's attorney, Mr. Conway, of Birmingham, Alabama agreed to continue the case until Thursday; and that the Defendant was notified on the 21st that if his attorney could not be here on this date that he would be tried and it would be necessary for him to employ counsel."

The allowance or disallowance of the motion was addressed to the discretion of the primary court. In the case at bar we cannot hold this discretion was abused. Jackson v. State, 229 Ala. 48, 155 So. 581; Jarvis v. State, 220 Ala. 501, 126 So. 127.

As a part of his oral charge to the jury the court stated: "If you and each and all of you do believe this defendant had possession of the liquor out there that morning, you should return a verdict of guilty and, in that event, the form of your verdict should be, we the jury find the defendant guilty of violating the prohibition law as charged in the indictment and assess a fine of not less than $50.00 and not more than $500.00 and you are to fix the amount of the fine."

Objections were interposed to this instruction. The insistence is here made in brief of able counsel that this confined the discretion of the jury, in the matter of fixing punishment, within too narrow limits. This is undoubtedly true in view of Title 15, Sec. 336, Code 1940: "When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

We are of the opinion, however, that a reversal of the case should not be rendered for this reason. If complete application of the above code section was desired, a written request to this effect should have been offered. This conclusion is in perfect harmony with the holding in Lashley v. State, 25 Ala.App. 115, 141 So. 717.

The case of Bibb v. State, 84 Ala. 13, 4 So. 275, seems to contain a contrary view. In the Bibb case, the court instructed the jury that if it found the defendant guilty it must assess a fine against him. Where the matter is considered in the body of the opinion the Supreme Court italicized the word "must." This indicates to us that the court placed importance on this emphatic direction in the conclusion reached. In this respect the instant case is distinguishable. We reaffirm the holding in the Lashley case, supra.

Objections were interposed to the following portion of the oral charge: "Whatever I may have said with reference to a reasonable doubt in my oral charge, heretofore, I withdraw that from your consideration and state that you may be the judge of what constitutes a reasonable doubt, and what it takes to make a reasonable doubt."

There were seventeen written charges given at the instance of appellant. Practically each of these charges deals with the explanation of reasonable doubt and the burden of proof required of the State with reference thereto. We are convinced that appellant was not injured by the statement —the subject of this inquiry.

Appellant's counsel objected, also, to this further statement in the court's oral charge: "There was an objection made as to some part of the oral charge with reference to whether you may believe a witness has testified falsely in some part of his testimony. I don't know how the Court charged you on that but the correct rule that governs that is, and the Court now so charges you, that if you believe that any witness testified falsely as to some material fact or in some part of his testimony, you may, at your discretion, as a juror,—you may then, if you see fit, disregard the remainder of his testimony or believe the remainder and disregard that which you believe he has falsified about."

It is inescapable that the court below, in omitting the word "willfully" or "intentionally" or "corruptly," failed to correctly state the rule appertaining.

We have given careful thought and study to this question and we are forced to the view that it presents a situation, in line with a long list of authorities, where a more specific instruction should have been tendered. Appellant's counsel having failed to offer an explanatory charge, we will not hold the lower court in error for the omission of the qualifying word. Eiland v. State, 52 Ala. 322; Evans v. State, 17 Ala. App. 141, 82 So. 625; Harkness v. State, 129 Ala. 71, 30 So. 73; Heningburg v. State, 153 Ala. 13, 45 So. 246.

In our opinion the record fails to show that the primary court committed any errors of prejudicial consequence to appellant. The judgment of the lower court is, therefore, affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded an authority of Pinkerton v. State, 246 Ala. 540, 22 So.2d 113.