70 So.2d 542

## SIMPSON v. STATE.

### 7 Div. 272.

Court of Appeals of Alabama.

Feb. 9, 1954.

466

Wales W. Wallace, Jr., Columbiana, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below the accused was convicted for a violation of a phase of our prohibition law.

Appellant presses several positions on which he relies for a reversal of the judgment below. We will respond to two of these. The others will not likely reoccur in the event of another trial.

■ Appellant's attorney made the following exceptions to the court's oral charge:

"The defendant excepts to that portion of the Court's oral charge as follows: There has been a lot said in the argument about a search warrant. I am going to charge you as a matter of law that this search warrant is valid, and the defendant excepts to that portion of the Court's oral charge in which he said: There has been no evidence that anybody has done anything wrong. There have been some insinuations but under the law, I am going to charge you, that when the officers went out there they had a valid search warrant."

"The defendant further excepts to the Court's oral charge wherein he stated: That if you the jury believe that any witness has falsely testified in this case, you have a right under the law to disregard the whole."

There was serious dispute in the evidence as to whether or not the officers were armed with a search warrant when they went to the private dwelling of the appellant and found prohibited beverages as they claimed.

Title 29, § 210, Cum.Supp., Pocket Part, Code 1940, provides in pertinent part:

"No evidence obtained by means of an illegal search of the private dwelling of any person shall be admissible in any court in the prosecution of any person for violating any of the provisions of this title. A search is deemed illegal unless, (1) a valid search warrant has been issued in full compliance with law, including section 214 of this title, and such warrant is executed according to law."

Title 7, § 270, Code 1940, limits the right of the trial judge in his charge to the jury to the extent that he "shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

Clearly the quoted excerpt from the oral charge set out above violated this statute. George v. State, 240 Ala. 632, 200 So. 602; Cobb v. State, 24 Ala.App. 358, 135 So. 417.

In the case of Pinkerton v. State, *32* Ala.App. 115, 22 So.2d 111, we reviewed a question which was in effect analogous to the one presented in the exception to the oral charge set out in the second quotation, supra.

We entertained the view that the instruction was not correct in its entirety, but only misleading in tendency. We applied the doctrine relating to explanatory charges.

On certiorari 246 Ala. 540, 22 So.2d 113, 114, the Supreme Court disagreed with our conclusion. Chief Justice Gardner, writing for the court, said: "But we do not think this is a case for an explanatory charge. It was an erroneous statement of the law, as distinguished from a correct statement which may have some misleading tendencies."

We are required to follow this holding by the Supreme Court. Title 13, § 95, Code 1940.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

