The defendant was indicted and convicted for the first degree murder of his mother-in-law, Bobbie Ingle Moore. Sentence was life imprisonment.
The only issue on appeal is the sufficiency of the evidence to support the jury's verdict of murder in the first degree.
In the early morning of September 12, 1979, Carolyn Louise Harjo was awakened by her mother's scream and a stinging in her chest. She had been shot in her sleep. She heard her mother, Bobbie Moore, screaming, "Don't shoot her again" and saw her husband, the defendant, standing next to her mother holding a pistol. Mrs. Harjo watched as the defendant pushed her mother away, took the weapon in both hands and shot her in the arm. The defendant then fired one shot into her father's room. Mrs. Harjo also heard a third shot.
Mrs. Moore's other daughter was in the house that night. Barbara Fernandez was awakened by a loud noise. She testified that when she walked into her parents' bedroom, the defendant "had already shot my daddy and my daddy was screaming at him not to shoot him any more and he was begging him not to shoot." Mrs. Fernandez stated that her father said, "Please, Bill, don't shoot me any more. Don't do it again."
When the defendant began shooting again, Mrs. Fernandez ran downstairs. The defendant followed and when he found her said, "Don't worry, I'm not gonna shoot you. You haven't done anything wrong to me." At the defendant's command, Mrs. Fernandez telephoned his mother in Oklahoma. The defendant got on the phone and told his mother, "I just killed Bobbie (the victim in this case), George (the victim's *Page 1105 
husband) and Carolyn (the defendant's wife)." The defendant then said "Come after Christy (his two year old child) because they won't take her away from me any more." After the telephone conversation, the defendant told Mrs. Fernandez to get him a pack of cigarettes and to "call the law and tell them to come after me and I'll be at the hill."
Mrs. Moore was the only victim to die from the wounds received that morning. Both Mr. Moore and the defendant's wife survived their injuries.
The defendant testified in his own behalf. He maintained that Mrs. Moore caught him in the act of attempting to take his life, tried to stop him, and during the struggle the pistol accidentally discharged four times. The testimony given by the defendant conflicted with that given by the witnesses for the State.
The pistol was a .327 magnum. It contained five shells, all of which had been fired.
Murder in the first degree is the willful, deliberate, malicious and premeditated killing of another human being.Young v. State, 363 So.2d 1007 (Ala.Cr.App. 1978). The use of a deadly weapon creates a presumption of malice unless the circumstances surrounding the killing indicate otherwise.McArdle v. State, 372 So.2d 897 (Ala.Cr.App.), cert. denied,372 So.2d 902 (Ala. 1979). Intent may be inferred from the character of the assault, the use of a deadly weapon and other attendant circumstances. Brown v. State, 142 Ala. 287,38 So. 268 (1904); McQueen v. State, 355 So.2d 407 (Ala.Cr.App. 1978). Under the State's evidence in this case, malice and intent in the murder of Mrs. Moore may also be inferred from the evidence indicating that the defendant intentionally shot at and attempted to kill his wife and Mr. Moore.
We have searched the record for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.