BARRON, Judge.
John Curtis Shepard was convicted of murder by a Chambers County Circuit Court jury and was sentenced to fifteen years. Hence this appeal.
The undisputed evidence shows that appellant shot the victim on April 28, 1980, a short time after a rather heated argument between them.
The only issue presented for review relates to the admission into evidence, over proper objection, of appellant’s incriminatory written statement. A hearing was held out of the presence of the jury on appellant’s motion to suppress, at the conclusion of which the motion was denied.
Appellant urges that the trial court’s ruling on the motion to suppress was reversible error in that the written statement is an inadmissible product of a police-initiated custodial interrogation which occurred after appellant had invoked his right to counsel, in violation of the mandate of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
The evidence is in dispute as to whether appellant invoked his right to counsel. The testimony of the police officers was to the effect that appellant indicated he did not desire to give the officers a statement on the date of the incident, and that “he would rather wait and talk to his lawyer.” Appellant testified that the conversation was to the effect that “I will make a statement when ya’ll get me an attorney.” No one disputes that appellant was timely advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The trial court, in denying the motion to suppress, apparently found that appellant did not, in fact, request the appointment of counsel and further reasoned that the right to counsel had not been sufficiently invoked by appellant.
We find that appellant did sufficiently invoke the right to counsel when he revealed a desire for legal advice prior to making a statement. The record is void as to proof by the State that appellant made a voluntary and intelligent waiver of that right at any time after it was invoked and prior to making the written statement. Consequently, we hold that admission into evidence of appellant’s written statement was in violation of Edwards, supra, and was therefore erroneous.
However, the error is harmless and is without injury to the rights of appellant because of the testimony of a substantially identical oral statement of appellant, which is clearly admissible.
Chambers County Coroner A. C. Farring-ton testified concerning a spontaneous statement made to him by the appellant at the scene as follows:
“... He said they went on to the house and that the argument continued on into the house. And that he went into the kitchen to take some medication which was on top of the refrigerator. And when he came back to the door, coming in from the kitchen, into the bedroom, that Mattie [the victim] had come out of this chair that she was seated in and started going toward the bed where her purse was placed. And he reached in the chest of drawers, picked up the gun and shot. And he said she fell. He also said that he turned the coffee table up out of the way which was turned up against the sofa and that he put the pillows under her head. I didn’t write any statement. I just listened to what he said. I did not ask him anything.”
The oral statement to which Coroner Far-rington testified is substantially identical to appellant’s written statement. The only *616 significant difference in the two statements is a portion of the written statement as follows:
“. .. I turned around and shot her in the chest. I meant to shoot lower.... ”
The only possible consequence the quoted portion of the written statement could have had relates to the matter of intent; that is, whether the appellant intentionally caused the death of the victim by shooting her with a pistol, as charged in the indictment. This distinction between the oral and written statement pales into insignificance when it is considered that the element of intent may be inferred by the jury from the use of a deadly weapon.
When a party without necessity kills another with a deadly weapon, under the law, in the absence of proof to show that it was accidental, the implication is that the act was voluntarily done. Sanders v. State, 392 So.2d 1280 (Ala.Cr.App.1980). See also Harjo v. State, 395 So.2d 1104 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 1105; Steele v. State, 389 So.2d 591 (Ala.Cr.App.1980).
Additionally, the portion of the written statement that appellant “meant to shoot lower” could have been considered by the jury to lessen the intent element in causing the homicide, thus acting to appellant’s benefit, rather than to his detriment.
For the above reasons, we hold that the admission into evidence of appellant’s written statement constitutes harmless error.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
DeCARLO, J., concurs.
BOWEN, J., concurs specially.
HARRIS, P. J., and TYSON, J., dissent.